IN THE UNITED STATES DISTRIC COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 8:25-cv-1728

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH (a/k/a/ APRIL L. BEATTY),

　　Defendants.
_____/

**COMPLAINT**

The United States of America complains and alleges as follows:

1. The United States brings this action to obtain a judgment against Defendants Peymon Mottahedeh and April L. Mottahedeh (aka April L. Beatty) (collectively "Defendants") for their separate outstanding federal income tax liabilities for 2001 through 2006 (the "years at issue").

2. Pursuant to 26 U.S.C. §§ 7401 and 7403, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, authorized and requested this action. This action is being brought at the direction of a delegate of the United States Attorney General under the authority of 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340, 1345.

4. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the Defendants reside in Brooksville, FL within Hernando County.

## PARTIES

5. Defendant Peymon Mottahedeh incurred federal income tax liabilities for 2001 through 2006.

6. Mr. Mottahdeh is a tax defier and the founder of the so-called Freedom Law School, which teaches frivolous tax avoidance schemes.

7. Defendant April Mottahedeh incurred federal income tax liabilities for 2001 through 2006, and is married to Peymon Mottahedeh.

## BACKGROUND

8. The Defendants are tax defiers with a decades-long history of non-filing.

9. The Defendants lived in California during the 2001 through 2006 tax years.

10. The Defendants were married during each of the years at issue.

11.　　Since 1999, the Defendants have both been heavily involved in the so-called Freedom Law School, which teaches frivolous tax avoidance schemes.

12.　　Mr. Mottahedeh is the founder of the Freedom Law School.

13.　　The [Freedom Law School's website](#) falsely claims that "no law requires 99% of Americans to file and pay income tax." *Cf.* 26 U.S.C. § 1.

14.　　Through conferences, promotional materials, and service packages, the Freedom Law School promoted various techniques for fraudulently evading the payment of federal income taxes. The techniques include minimizing financial records, not cooperating with IRS requests for information, and not filing tax returns.

15.　　The Defendants collected fees paid by the Freedom Law School's customers, along with other income.

16.　　The Defendants applied the tax-evasion techniques advocated by the Freedom Law School to their own financial affairs.

17.　　Mr. Mottadeheh brags on [the Freedom Law School's website](#) that he "has not filed or paid U.S. income tax since 1993."

18.　　In 2008, the IRS began an audit of the Defendants' federal income tax liabilities for 2001 through 2006, as neither had filed returns for any of these years.

19. The Defendants did not cooperate with the IRS's investigation, canceling meeting requests and refusing to provide requested documents during the audit.

20. Following the audit, the IRS issued notices of deficiency as required by 26 U.S.C. § 6212 to both Mr. and Mrs. Mottahedeh proposing tax deficiencies, interest, and penalties against the Defendants.

21. The Defendants challenged the proposed deficiencies in the United States Tax Court.

22. The Tax Court sustained the notices of deficiency. *See Mottahedeh, et ux. v. Comm'r*, Case No. 22039-11 (December 29, 2014). In doing so, the Tax Court held that (1) the IRS correctly calculated the Defendants' aggregate income for 2001 through 2006; (2) Defendants' income was community property under California law that was properly allocated one half to Mr. Mottahedeh and one half to Mrs. Mottahedeh; and (3) the Defendants were liable for penalties under 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), and 6654. The 9th Circuit affirmed the Tax Court's decision. *See April Mottahedeh v. Comm'r*, Case No. 19-714102023, WL 3020505 (9th Cir. April 20, 2023); *Peymon Mottahedeh v. Comm'r*, Case No. 19-71432, 2023 WL 3020500 (9th Cir. April 20, 2023).

23. On July 6, 2015, the IRS assessed against the Defendants the tax deficiencies and penalties determined by the Tax Court.

24. Despite notice and demand for payment, the Defendants have not made any payment towards their tax debts for the years at issue.

## COUNT I
## Reduce to Judgment Defendant Peymon Mottahedeh's Federal Tax Liabilities

25. Mr. Mottahedeh was required to file federal income tax returns for each of the years at issue, but failed to do so.

26. After the Tax Court determined Mr. Mottahedeh's tax liabilities for the years at issue, a delegate of the Secretary of the Treasury timely and properly assessed the tax shown on the notices of deficiency against Mr. Mottahedeh, plus penalties and interest.

27. The following table shows the dates, types, and amounts of the assessments against Mr. Mottahedeh for the years at issue as of June 30, 2025.

| Tax Year | Initial Assessment | Type of Assessment | Amount | Balance Due |
|---|---|---|---|---|
| 2001 | 7/06/2015 | Tax Determined by Tax Court | $8,203.00 | $34,564.69 |
|  | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $1,845.68 |  |
|  | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $2,050.75 |  |
|  | 7/06/2015 | Interest | $8,877.23 |  |
| 2002 | 7/06/2015 | Tax Determined by Tax Court | $11,316.00 | $45,799.56 |
|  | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $2,546.10 |  |
|  | 7/06/2015 | Failure to Pre-Pay Penalty IRC § 6654 | $378.17 |  |
|  | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $2,829.00 |  |
|  | 7/06/2015 | Interest | $10,796.57 |  |

| Tax Year | Initial Assessment | Type of Assessment | Amount | Balance Due |
|---|---|---|---|---|
| 2003 | 7/06/2015 | Tax Determined by Tax Court | $12,811.00 | $49,667.20 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $2,882.48 | |
| | 7/06/2015 | Failure to Pre-Pay Penalty IRC § 6654 | $330.53 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $3,202.75 | |
| | 7/06/2015 | Interest | $10,992.26 | |
| 2004 | 7/06/2015 | Tax Determined by Tax Court | $12,215.00 | $45,462.04 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $2,748.38 | |
| | 7/06/2015 | Failure to Pre-Pay Penalty IRC § 6654 | $350.03 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $3,053.75 | |
| | 7/06/2015 | Interest | $9,293.33 | |
| 2005 | 7/06/2015 | Tax Determined by Tax Court | $10,102.00 | $35,700.92 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $2,272.95 | |
| | 7/06/2015 | Failure to Pre-Pay Penalty IRC § 6654 | $405.18 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $2,525.50 | |
| | 7/06/2015 | Interest | $6,415.87 | |
| 2006 | 7/06/2015 | Tax Determined by Tax Court | $15,560.00 | $51,608.86 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $3,501.00 | |
| | 7/06/2015 | Failure to Pre-Pay Penalty IRC § 6654 | $736.38 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $3,890.00 | |
| | 7/06/2015 | Interest | $7,712.98 | |
| | | | *Total*: | $262,803.27[1] |

---

[1] This amount does not include accrued failure to pay penalties and interest thereon.

28. A delegate of the Secretary of the Treasury properly gave notice of the unpaid assessments described in paragraph 27, above, to Mr. Mottahedeh and made demand for payment.

29. Despite notices of the assessments and demands for payment, Mr. Mottahedeh has failed to fully pay the assessments described in paragraph 27, above. As of June 30, 2025, Mr. Mottahedeh owes the United States $262,803.27 on those assessments, plus fees, interest, and accrued but unassessed failure to pay penalties, and all statutory additions thereafter as provided by law.

## COUNT II
## Reduce to Judgment Defendant April Mottahedeh's Federal Tax Liabilities

30. Mrs. Mottahedeh was required to file federal income tax returns for each of the years at issue, but failed to do so.

31. After the Tax Court determined Mrs. Mottahedeh's tax liabilities for the years at issue, a delegate of the Secretary of the Treasury timely and properly assessed the tax shown on the notices of deficiency against Mrs. Mottahedeh, plus penalties and interest.

32. The following table shows the dates, types, and amounts of the assessments against Mrs. Mottahedeh for the years at issue as of June 30, 2025.

| Tax Year | Initial Assessment | Type of Assessment | Amount | Balance Due |
|---|---|---|---|---|
| 2001 | 7/06/2015 | Tax Determined by Tax Court | $4,634.00 | $19,670.05 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $1,042.65 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $1,158.50 | |
| | 7/06/2015 | Interest | $5,010.65 | |
| 2002 | 7/06/2015 | Tax Determined by Tax Court | $3,331.00 | $13,481.63 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $749.48 | |
| | 7/06/2015 | Failure to Pre-Pay Penalty IRC § 6654 | $111.29 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $832.75 | |
| | 7/06/2015 | Interest | $3,178.13 | |
| 2003 | 7/06/2015 | Tax Determined by Tax Court | $3,704.00 | $14,203.05 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $833.40 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $926.00 | |
| | 7/06/2015 | Interest | $3,178.15 | |
| 2004 | 7/06/2015 | Tax Determined by Tax Court | $3,471.00 | $12,754.98 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $780.98 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $867.75 | |
| | 7/06/2015 | Interest | $2,640.79 | |
| 2005 | 7/06/2015 | Tax Determined by Tax Court | $2,669.00 | $9,432.38 |
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $600.53 | |
| | 7/06/2015 | Failure to Pre-Pay Penalty IRC § 6654(2) | $107.06 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a) | $667.25 | |
| | 7/06/2015 | Interest | $1,695.10 | |
| 2006 | 7/06/2015 | Tax Determined by Tax Court | $4,901.00 | $16,255.52 |

8

| Tax Year | Initial Assessment | Type of Assessment | Amount | Balance Due |
|---|---|---|---|---|
| | 7/06/2015 | Failure to File Penalty IRC § 6651(a)(1) | $1,102.73 | |
| | 7/06/2015 | Failure to Pre-Pay Penalty IRC § 6654 | $231.96 | |
| | 7/06/2015 | Failure to Pay Penalty IRC § 6651(a)(2) | $1,225.25 | |
| | 7/06/2015 | Interest | $2,429.40 | |
| | | | *Total*: | $85,797.61[2] |

33.　A delegate of the Secretary of the Treasury properly gave notice of the unpaid assessments described in paragraph 32, above, to Mrs. Mottahedeh and made demand for payment.

34.　Despite notices of the assessments and demands for payment, Mrs. Mottahedeh has failed to fully pay the assessments described in paragraph 32, above. As of June 30, 2025, Mrs. Mottahedeh owes the United States $85,797.61 on those assessments, plus fees, interest, and accrued but unassessed failure to pay penalties, and all statutory additions thereafter as provided by law.

**WHEREFORE**, Plaintiff, United States of America, respectfully prays that:

A. The Court enter judgment in favor of the United States and against Defendant Peymon Mottahedeh for his unpaid individual income tax liabilities for 2001 through 2006 in the amount of $262,803.27 as of June

---

[2] This amount does not include accrued failure to pay penalties and interest thereon.

30, 2025, plus any further interest under 26 U.S.C. § 6621 and 6622, accrued but unassessed failure to pay penalties, and statutory additions on the assessments as allowed by law, to the date of payment;

B. The Court enter judgment in favor of the United States and against Defendant April Mottahedeh for his unpaid individual income tax liabilities for 2001 through 2006 in the amount of $85,797.61 as of June 30, 2025, plus any further interest under 26 U.S.C. §§ 6621 and 6622, accrued but unassessed failure to pay penalties, and statutory additions on the assessments as allowed by law, to the date of payment; and

C. The Court grant the United States such other relief, including costs, as is just and equitable.

Dated: July 3, 2025                                          Respectfully submitted,

*/s/ Daniel B. Causey, IV*
Daniel B. Causey, IV
D.C. Bar No. 240963
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-1427 (v)
202-514-4963 (f)
Daniel.B.Causey@usdoj.gov

*Of Counsel:*
Gregory W. Kehoe
United States Attorney
Middle District of Florida