UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION



UNITED STATES OF AMERICA,

    Plaintiff,

v.                         Case No: 8:25-cv-1728-JLB-NHA

PEYMON MOTTAHEDEH and

APRIL L. MOTTAHEDEH,

    Defendants.

---

## DEFENDANTS' MOTION TO STRIKE

## AND MEMORANDUM OF LAW

DEFENDANTS Peymon Mottahedeh and April L. Mottahedeh (collectively "DEFENDANTS"), appearing *pro se*, respectfully move this Court pursuant to Federal Rule of Civil Procedure (hereafter, "FRCP") 12(f) and Local Rule 3.01(b) to strike immaterial, impertinent, and scandalous matters from the Plaintiff's Complaint.

## I. PRECISE RELIEF REQUESTED

Pursuant to FRCP 12(f), DEFENDANTS respectfully move the Court to strike paragraphs 6, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 25, 30, and the phrase "Following the audit," in paragraph 20 from the Plaintiff's Complaint. These sections should be stricken in their entirety as they contain immaterial, impertinent, and scandalous matters that are not essential to the core legal claims.

## II. BASIS FOR THE REQUEST

The core objective of the Plaintiff's Complaint is for the United States to reduce federal tax assessments to judgment for the years 2001–2006. See Complaint, paragraphs 1-5, 7, 21-24, 31-34, and Prayer. To resolve this, the Court need only determine the validity of the assessments and the remaining balance due. Despite DEFENDANTS' efforts to resolve this matter through conferral, the Plaintiff persists in including the following unnecessary and prejudicial paragraphs:

a) **Paragraph 6**: The labels "tax defier" and "frivolous tax avoidance schemes" are impertinent and scandalous characterizations that have no bearing on the legal elements required to determine the validity of a tax assessment.

b) **Paragraph 8**: This paragraph utilizes the impertinent and scandalous "tax defier" label and introduces immaterial background regarding a "decades-long history". Such allegations are irrelevant to the specific tax years at issue and have no legal bearing on the validity of the assessments in this case.

c) **Paragraph 11**: This paragraph contains impertinent and scandalous characterizations of business activities and uses "frivolous" labels intended to prejudice the Court. These characterizations are irrelevant to the judicial determination of the potential tax assessments at issue.

d) **Paragraph 12**: A Defendant's role as a founder of a specific school is immaterial and impertinent to whether personal income tax assessments are due or valid.

e) **Paragraph 13**: Allegations regarding claims made on a website are entirely irrelevant to the core legal issues of the validity of the alleged tax assessments.

f) **Paragraph 14**: This paragraph uses impertinent and scandalous language such as "fraudulently evading" and provides impertinent details regarding promotional materials that are immaterial to the validity of the alleged tax assessments.

g) **Paragraph 15**: The collection of fees from customers is immaterial to the validity of tax assessments.

h) **Paragraph 16**: This paragraph is impertinent, scandalous, and vague, failing to provide a specific time frame for alleged financial "techniques" and is immaterial to the validity of the alleged tax assessments.

i) **Paragraph 17**: The subjective characterization that a Defendant "brags" is impertinent and scandalous matter that is immaterial to a judicial determination of validity of the alleged tax assessments.

j) **Paragraph 18**: Historical details regarding the initiation of an audit in 2008 constitute immaterial background unnecessary for an action seeking to reduce the alleged assessments to judgment.

k) **Paragraph 19**: This paragraph presents a scandalous, impertinent, and immaterial claim regarding "cooperation" during an audit, which has no legal impact on the validity of the alleged tax assessments in this case.

l) **Paragraph 20**: The introductory phrase "Following the audit" is immaterial background that can be removed without affecting the Plaintiff's ability to state that notices of deficiency were issued.

m) **Paragraph 25**: This allegation is immaterial and irrelevant to the validity of the alleged tax assessments.

n) **Paragraph 30**: This allegation is immaterial and irrelevant to the validity of the alleged tax assessments.

### III. LEGAL MEMORANDUM SUPPORTING THE REQUEST

Under FRCP 12(f), the Court may strike matters that are immaterial, impertinent, or scandalous, or have no essential relationship to the claim for relief. In an action to reduce assessments to judgment, the "how" and "why" of the defendant's historical beliefs, business practices, audit history, and speech are irrelevant to the validity of the alleged tax assessments.

### IV. Conclusion

The government's case is not hindered by the removal of these sections. Deleting them simplifies the Court's task by focusing strictly on the material facts related to **the** validity of the alleged tax assessments. This ensures the record is not clouded by immaterial, impertinent, and scandalous claims.

**WHEREFORE**, DEFENDANTS respectfully request that this Court enter an order striking paragraphs 6, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 25,

30, and the phrase "Following the audit" in paragraph 20 from the Complaint as immaterial, impertinent, and scandalous matter.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that on March 9, 2026, I conferred with Plaintiff's counsel, Daniel B. Causey, IV, via telephone. DEFENDANTS requested that the United States file an Amended Complaint voluntarily striking the identified paragraphs to streamline the litigation. Counsel for the Plaintiff stated that the United States objects to the relief requested in this motion.

Dated: March 12, 2026

*Respectfully submitted,*

| | |
|---|---|
| **Peymon Mottahedeh** | **April Mottahedeh** |
| Defendant | Co-defendant |
| P.O. Box 10599 | P.O. Box 10599 |
| Brooksville, FL 34603 | Brooksville, FL 34603 |
| peymon@freedomlawschool.org | peymon@freedomlawschool.org |
| 760-964-5519 | 760-964-5519 |