UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               Case No.: 8:25-cv-01160-TPB-NHA

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH (a/k/a
APRIL L. BEATTY),

    Defendants.

_____/

## **ORDER**

Defendants Peymon Mottahedeh and April Mottahedeh, proceeding without an attorney, move to strike certain parts of the United States' complaint, pursuant to Federal Rule of Civil Procedure 12(f). Doc. 21.

## I.   Background

The United States initiated this action on July 3, 2025, bringing one claim against each Defendant seeking to reduce to judgment the Defendants' alleged unpaid federal tax liabilities incurred between 2001 and 2006. Doc. 1. The United States alleges that the IRS began an audit of Defendants' tax liabilities in 2008; that it subsequently issued notices of deficiency to Defendants; that Defendants (who then lived in California) challenged the

notices in a federal tax court in California; that the tax court upheld the alleged deficiencies; and that the Ninth Circuit affirmed the tax court decisions; but that Defendants have never paid any portion of the tax deficiencies. Doc. 1 ¶¶ 18-24. The complaint includes a table for each Defendant, depicting, for each year between 2001 and 2006, the amount in taxes owed by the Defendant as determined by the tax court, and accrued interest and penalties owed to the IRS as of July 30, 2025. Doc 1 pp. 5-9. The United States seeks a judgment against each Defendant for the amount designated in the tables, plus any additional interest, "accrued but unassessed failure to pay penalties, and statutory additions on the assessments as required by law." Doc. 1 p. 10.

Defendants move to strike from the complaint thirteen paragraphs and one clause in a fourteenth paragraph, arguing that those portions "contain immaterial, impertinent, and scandalous matters that are not essential to the core legal claims." Doc. 21 p. 2. Specifically, Defendants move to strike the following paragraphs from the complaint:

- Paragraph 6: "Mr. [Mottahedeh] is a tax defier and the founder of the so-called Freedom Law School, which teaches frivolous tax avoidance schemes."

- Paragraph 8: "The Defendants are tax defiers with a decades-long history of nonfiling."

2

- Paragraph 11: "Since 1999, the Defendants have both been heavily involved in the so-called Freedom Law School, which teaches frivolous tax avoidance schemes."

- Paragraph 12: "Mr. Mottahedeh is the founder of the Freedom Law School."

- Paragraph 13: "The Freedom Law School's website falsely claims that 'no law requires 99% of Americans to file and pay income tax.'"

- Paragraph 14: "Through conferences, promotional materials, and service packages, the Freedom Law School promoted various techniques for fraudulently evading the payment of federal income taxes. The techniques include minimizing financial records, not cooperating with IRS requests for information, and not filing tax returns."

- Paragraph 15: "The Defendants collected fees paid by the Freedom Law School's customers, along with other income."

- Paragraph 16: "The Defendants applied the tax-evasion techniques advocated by the Freedom Law School to their own financial affairs."

- Paragraph 17: "Mr. [Mottahedeh] brags on the Freedom Law School's website that he 'has not filed or paid U.S. income tax since 1993.'"

- Paragraph 18: "In 2008, the IRS began an audit of the Defendants' federal income tax liabilities for 2001 through 2006, as neither had filed returns for any of these years."

- Paragraph 25: "Mr. Mottahedeh was required to file federal income tax returns for each of the years at issue, but failed to do so."

- Paragraph 30: "Mrs. Mottahedeh was required to file federal income tax returns for each of the years at issue, but failed to do so."

Additionally, Defendants move to strike the words "Following the audit" from Paragraph 20, which reads: "Following the audit, the IRS issued notices of deficiency as required by 26 U.S.C. § 6212 to both Mr. and Mrs. Mottahedeh proposing tax deficiencies, interest, and penalties against the Defendants."

## II.    Discussion

Under Federal Rule of Civil Procedure 12(f), a court may strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. "'A motion to strike is a drastic remedy,' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Board of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962)). "The purpose of a motion to strike is to clean up

4

the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1259 (M.D. Fla. 2020) (quotation omitted). "The court enjoys broad discretion in determining whether to grant or deny these motions to strike." *Id.*; *see also* FED. R. CIV. P. 12(f) ("The court *may* strike from a pleading . . .") (emphasis added).

Defendants have not demonstrated that the drastic remedy they seek is warranted here. First, Defendants have not shown that the paragraphs with which they take issue have "no possible relation to the controversy." *See Thompson*, 211 F. Supp. 2d at 1348. Defendants argue that the only question before the court is the validity of the tax liabilities assessed against them, and that "the 'how' and 'why' of the defendant's historical beliefs, business practices, audit history, and speech are irrelevant to the validity of the alleged tax assessments." Doc. 21 p. 2. True, the United States' primary task in this action may be demonstrating that the liability assessments are correct and enforceable. *See United States v. Stein*, 881 F.3d 853, 855 (11th Cir. 2018) ("In reducing an assessment to judgment, the government must first prove that the assessment was properly made.") (cleaned up). But because the complaint also seeks "accrued *but unassessed* failure to pay penalties" (Doc. 1 p. 10, emphasis added), Defendants are incorrect that the validity of the assessments is the only pertinent issue in this action. And the federal statute which permits the

5

IRS to assess such penalties, 26 U.S.C. § 6651(a), expressly considers a non-taxpayer's reasons for failing to pay taxes. *See Lee v. U.S.*, 84 F.4th 1271, 1279 (11th Cir. 2023) ("The IRS can assess failure-to-file and failure-to-pay penalties, unless the taxpayer's failure 'is due to reasonable cause and not due to willful neglect.'") (quoting 26 U.S.C. § 6651(a)). The subject matter of each of the contested paragraphs in the complaint – the history of prior related tax actions, Defendants' alleged familiarity with tax law, and Defendants' alleged ideological opposition to paying federal income tax – is likely relevant to the "reasonable cause" and "willful neglect" inquiries inherent to the evaluation of additional, unassessed penalties. Defendants have thus failed to show that paragraphs to which they object are irrelevant to the controversy.

Second, granting Defendants' motion to strike would not serve the purposes of Rule 12(f) "to clean up the pleadings [and] streamline litigation." *See Naples Hotel Co.*, 476 F. Supp. 3d at 1259. The United States' two-count, ten-page complaint is not the type of unwieldy pleading requiring the Court's intervention. Further, this action has already been delayed, due in part to the United States' diligent but frustrated attempts to serve Defendants. *See* Doc. 16 (order finding good cause to extend the United States' deadline to serve Defendants, "based on Plaintiff's representations that Defendants appear to wish to evade service."). Granting the motion to strike would further delay this litigation. Such unnecessary delay constitutes a separate basis on which to

deny the motion. *See Schmidt v. Life Ins. Co. of N.A.*, 289 F.R.D. 357, 360 (M.D. Fla. 2012) ("As is the case here, because motions to strike rarely meet the burden required, they are generally disfavored by the Court and are often considered time wasters.") (cleaned up).

### III.    Conclusion

For these reasons, Defendant's motion to strike (Doc. 21) is denied. As Defendants' extended deadline to answer the complaint has already expired (*see* Doc. 20), they must file their answer within seven days of the entry of this order. Failure to timely answer may result in their default.

DONE and ORDERED on March 17, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge