

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
   Plaintiff,

v.                                        Case No. 8:25-cv-01728-JLB-NHA

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH,
   Defendants.

_____

## DEFENDANTS' SECOND MOTION FOR

## PERMISSION TO FILE ELECTRONICALLY

Pursuant to Local Rule 3.01, Defendants Peymon Mottahedeh and April L.

Mottahedeh ("Defendants"), appearing *pro se*, move this Court for an order

granting them electronic filing (CM/ECF) access.

### I. PRECISE RELIEF REQUESTED

Defendants respectfully request that the Court grant them permission to

utilize the Case Management/Electronic Case Files CM/ECF system as *pro*

*se* litigants for the duration of this action.

### II. BASIS FOR THE RELIEF

The Court's previous denial "without prejudice" of Defendant's motion to file papers electronically [Doc 22], [Doc 24], invited Defendants to demonstrate why CM/ECF access is "necessary to avoid unreasonable burdens". Defendants now establish the following factual basis as to why Defendents should be allowed access to CM/ECF.

- **Geographical and Logistical Hardship:** Defendants reside and /orwork in Brooksville, Florida, approximately 50 miles from the Tampa courthouse. A round trip requires between two and four hours of driving time depending on traffic on I-75 and the Veterans Expressway.

- **Physical Filing Constraints:** To ensure a filing of Defendant's papers with the court is received by the Clerk's Office before the 5:00 PM close of the business day, Defendants must also secure courthouse parking, walk to the court house, pass security, walk to the Clerk's office and stand in line, all of which adds significant time and expense to every court filing by Defendants.

- **Information Access Crisis:** The necessity of electronic access is further evidenced by recent events. On March 17, 2026, the Court

entered an Order (Doc. 25) setting a strict **7-day deadline** for an Answer without adding any days for the clerk to mail and for Defendant to receive the order by U.S. mail. As of <u>April 20, 2026</u>—forty-eight days later—Defendants have **still not received** a physical copy of that Order in the mail.

- **Prevention of Procedural Default:** Without CM/ECF access, Defendants are forced to proactively check PACER at their own expense just to discover that deadlines may have have already been triggered. Relying on physical mail effectively robs Defendants of their entire response window, creating an "unreasonable burden" that risks involuntary missing critical court filing deadlines.

## III. LEGAL MEMORANDUM

Although the Administrative Procedures for Electronic Filing generally state a *pro se* litigant is generally not permitted to file in CM/ECF, the Court retains the discretion to grant access where it is "necessary to avoid unreasonable burdens and to promote access to information".

In *Hebdon v. Diabetes,* No. 6:22-cv-1879-WWB-DCI, at *2 (M.D. Fla. Feb.

23, 2023), the court noted that such access is appropriate when a party demonstrates a specific necessity. Here, the combination of a 50-mile commute and related time and expenses, the failure of the postal service to deliver court orders in a timely manner, and the Court's use of expedited 7-day deadlines makes on-time physical filing an unreasonable burden.

These circumstances effectively punish Defendants for choosing to present their own case. Unlike an attorney who can file electronically, Defendants must endure the undue burden of unnecessarily spent travel time, expenses, and delayed receipts of court orders. Granting this motion will ensure Defendants receive papers timely can file with the court efficiently, allow sufficient time to prepare proper responses.

**CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court grant this motion and authorize Defendants to have electronic filing access via CM/ECF to ensure the timely and efficient litigation of this matter.

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that on April 21, 2026, I called Counsel for the United States, Daniel B. Causey, regarding this motion. Peymon Mottahedeh reached his voicemail and left a message. No response was received at the ending time of drafting this motion.


Respectfully submitted,

April 21, 2026


Peymon Mottahedeh
*Pro Se Defendant*
P.O. Box 10599
Brooksville, Florida 34603
Peymon@FreedomLawSchool.org
(760)964-5519

April Mottahedeh
*Pro Se Co-defendant*
P.O. Box 10599
Brooksville, Florida 34603
Peymon@FreedomLawSchool.org
(760)964-5519