# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION



UNITED STATES OF AMERICA,

   Plaintiff,

v.                    Case No. 8:25-cv-01728-JLB-NHA

PEYMON MOTTAHEDEH and

APRIL L. MOTTAHEDEH,

   Defendants.

---

## DEFENDANTS' OBJECTION TO UNITED STATES' MOTION FOR ENTRY OF CLERK'S DEFAULT

Defendants Peymon Mottahedeh and April L. Mottahedeh ("Defendants"), appearing *pro se*, respectfully object to the United States' Motion for Entry of Clerk's Default (Doc. 30). Defendants have not failed to defend this action; rather, they have been actively seeking a determination on the legal sufficiency of the Complaint and the validity of the Magistrate's expedited deadlines.

# I. DEFENDANTS HAVE ACTIVELY "OTHERWISE DEFENDED" THIS ACTION

Under Fed. R. Civ. P. 55(a), a clerk's default is only appropriate when a party has "failed to plead or otherwise defend". Defendants have been vigorously defending this case:

- **Rule 12(f) Motion:** Defendants filed a timely Motion to Strike to remove "scandalous" and "immaterial" matters from the Complaint.

- **Rule 72(a) Objection:** Following the denial of that motion, Defendants filed a timely Objection to the Magistrate's Order (Doc. 26) on March 24, 2026—the very day the Answer was purportedly due.

- **Good Faith Reliance:** Defendants maintained a good-faith belief that filing a responsive pleading while an Objection to the Complaint's content was pending would moot their Objection and cause irreparable procedural harm.

# II. THE EXPEDITED DEADLINE WAS BASED ON CLEARLY ERRONEOUS FINDINGS

The Plaintiff's motion relies on a 7-day deadline that was itself based on a "clearly erroneous" narrative of "evasion of service".

- **The "Unitary Plaintiff" Knowledge:** As stated in Defendants' prior filings, agents of the Internal Revenue Service (IRS)—the client agency— had direct contact with Peymon Mottahedeh at his place of business in 2024. The Plaintiff United States had actual knowledge of where

Defendants could be found, yet failed to utilize it.

- **The "Expired Deadline" Myth:** The Magistrate's Order incorrectly stated that the deadline to Answer had "already expired". This is a legal error; under **Rule 12(a)(4)**, the deadline is stayed until the Court rules on a pending motion. Using this false "expiration" to justify a shortened 7-day window was an abuse of discretion.

## III. PROCEDURAL TRAP AND LACK OF NOTICE

Defendants have been forced to litigate under an untenable and fundamentally unconstitutional "procedural trap" that physically and legally precludes them from properly defending themselves.

- **Mail Delay and Complete Lack of Notice:** Because Defendants are proceeding *pro se* and the Court previously denied them access to the Electronic Case Filing (CM/ECF) system, the U.S. Mail is the **only** available and legally recognized official method of service upon them. Defendants have documented, and attest by the attached sworn Declaration, that the Magistrate's Order (Doc. 25) had not arrived via U.S. Mail as of the 7-day deadline. In fact, to this day, the Order has *never* been delivered by the U.S. Postal Service.

- **The ECF Denial Catch-22:** On the exact same day the 7-day clock was set, the Magistrate denied Defendants' ability to file electronically, ensuring they would not receive immediate notice of the expedited timeline.

By imposing an expedited 7-day deadline while proactively blocking

electronic notice—knowing full well that standard mail often takes a week or longer to arrive—the Court engineered a structural impossibility. Defendants cannot physically or legally comply with a highly expedited deadline hidden inside an undelivered piece of mail. Penalizing Defendants for failing to meet a deadline of which they had no official legal or physical notice is a severe violation of their Fifth Amendment Due Process rights.

## IV. TIMELINESS OF RESPONSIVE PLEADING

Despite the lack of notice and the procedural traps described above, Defendants submit this responsive pleading timely in strict accordance with the Federal Rules of Civil Procedure.

Pursuant to **Fed. R. Civ. P. 12(a)(4)(A)**, when a court denies a motion filed under Rule 12 (such as Defendants' prior Motion to Strike), the responsive pleading must be served within fourteen (14) days after notice of the Court's action. The District Judge officially entered the Order denying Defendants' objection to the Magistrate's Order on April 10, 2026.

Because Defendants are denied CM/ECF access and must receive notice via U.S. Mail, **Fed. R. Civ. P. 6(d)** expressly grants an additional three (3) days to this deadline. Therefore, calculating fourteen (14) days plus three (3) days from the April 10, 2026 Order establishes a firm statutory deadline of **April 27, 2026**.

# V. DEFENDANT'S FILING OF A MOTION TO STRIKE MANIFESTS A CLEAR INTENT TO DEFEND, PRECLUDING THE ENTRY OF DEFAULT

The federal rules do not favor defaults. As the courts have long held, the drastic remedy of default is "available only when the adversary process has been halted because of an essentially unresponsive party." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970).

Furthermore, default is reserved to penalize a clear record of delay or "an attorney's dilatory tactics." *See Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). Defendants are neither dilatory nor unresponsive. They are actively engaged in defending their rights on the merits and attempting to navigate a procedural Catch-22 engineered by a lack of official notice.

Entry of default is a drastic measure, and it is well-settled law that no default can be entered if a defendant has filed a response indicating its intent to defend the action. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988). The courts consistently prioritize a policy of deciding cases on their merits rather than on technical procedural grounds.

*A. A Motion to Strike is a Qualifying Response to the Complaint*

The federal rules and supporting case law clarify that the "response" required to prevent default is not limited to a formal Answer. Either an Answer or a Motion may indicate an intent to defend the action, and if such

a filing is timely, it prevents the entry of default. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

This principle applies with equal force to motions filed under **Rule 12**, including a **Motion to Strike**. By moving to strike portions of the complaint, the Defendant is actively engaging in the litigation process and challenging the legal or factual sufficiency of the Plaintiff's claims. Such an action is the very definition of "otherwise defending" the suit.

*B. The Broad Scope of "Intent to Defend" Against the Complaint*

The categories of responses that signal an intent to defend are not exhaustive. The courts look to the substance of the defendant's actions to determine if they are participating in the case. Any response indicating an intent to defend prevents entry of default. See, e.g., *de Antonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

In the present case, the Defendant has not remained idle. By filing the **Motion to Strike** on March 12, 2026, the Defendant has:

1. Formalized its appearance in this matter;

2. Put the Plaintiff and the Court on notice that the allegations are contested; and

3. Actively sought legal relief to narrow or clarify the issues at hand.

Because the Defendant has manifested a clear and timely intent to defend through the filing of its Motion to Strike, the entry of default is procedurally improper and should be denied.

**CONCLUSION**

For the reasons stated above, the Plaintiff's Motion for Entry of Clerk's Default should be DENIED.


**Respectfully submitted,**

Date: April 21, 2026


_____

Peymon Mottahedeh

P.O. Box 10599

Brooksville, Florida 34603

Peymon@FreedomLawSchool.org

(760)964-5519

April Mottahedeh

P.O. Box 10599

Brooksville, Florida 34603

Peymon@FreedomLawSchool.org

(760)964-5519