UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Case No. 8:25-cv-01728-JLB-NHA

PEYMON MOTTAHEDEH and

APRIL L. MOTTAHEDEH,

    Defendants.

APR 24 2026 PM3:56
FILED - USDC - FLMD - TPA

---

## DEFENDANT APRIL L. MOTTAHEDEH'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant April L. Mottahedeh (hereafter, "Defendant"), proceeding *pro se*, hereby responds to the Plaintiff's Complaint and asserts Affirmative Defenses as follows:

**PART I: TIMELINESS AND LACK OF NOTICE**

Despite a complete lack of official notice regarding the Magistrate's expedited 7-day deadline (Doc. 25)—which Defendant never received via U.S. Mail, as established by the sworn declaration filed on <u>April 21, 2026</u>— Defendant submits this responsive pleading timely in strict accordance with the Federal Rules of Civil Procedure.

Page 1 of 9

Pursuant to Fed. R. Civ. P. 12(a)(4)(A), when a court denies a motion filed under Rule 12 (such as the prior Motion to Strike), the responsive pleading must be served within fourteen (14) days after notice of the Court's action. The District Judge entered the Order denying the Defendants' Objection to the Magistrate's Order Denying Defendants' Motion to Strike on April 10, 2026. Because Defendant is denied CM/ECF access and must receive notice via U.S. Mail, Fed. R. Civ. P. 6(d) grants an additional three (3) days to this deadline. Therefore, calculating fourteen (14) days plus three (3) days, from the April 10, 2026 Order, establishes a firm statutory deadline of April 27, 2026. Accordingly, this Answer is timely filed.

## PART II: ANSWER TO THE COMPLAINT

## I. GENERAL RESPONSE

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies each and every allegation of the Complaint except those expressly admitted below.

## II. RESPONSES TO NUMBERED PARAGRAPHS

- **Paragraph 1:** Admits that this action purports to seek to reduce alleged federal tax liabilities to judgment, but denies the validity, enforceability, and amount of any such liabilities.

- **Paragraph 2:** Denies for lack of knowledge or information sufficient to form a belief about the truth of these allegations.

Page 2 of 9

- **Paragraph 3:** Admits that the Complaint invokes federal jurisdiction statutes but denies that Plaintiff is entitled to the relief requested.

- **Paragraph 4:** Admits she resides in Hernando County, Florida and that Hernando County is in the Middle District of Florida. Defendant denies having residence in the Tampa Division. Defendant asserts that venue in the Tampa Division is improper and reserves all rights to seek transfer or other appropriate relief.

- **Paragraph 5:** Denies.

- **Paragraph 6:** Admits that Peymon Mottahedeh is the founder of Freedom Law School but denies remaining allegations. Denies the slanderous label of "tax defier" and denies the belittling label of "so-called." Denies that Freedom Law School "teaches frivolous tax avoidance schemes."

- **Paragraph 7:** Admits marital status but denies remaining allegations.

- **Paragraph 8:** Denies.

- **Paragraph 9:** Admits, except that Defendant lived in California from June 23, 2001 to December 31, 2001 only, not throughout the 2001 year.

- **Paragraph 10:** Admits, except that Defendants were married on June 24, 2001.

- **Paragraph 11:** Denies that Defendant has ever been heavily involved in Freedom Law School. Denies the belittling "so-called" label. Denies that Freedom Law School teaches frivolous tax avoidance schemes.

- **Paragraph 12:** Admits.

- **Paragraph 13:** Denies that the claim that "no law requires 99% of Americans to file and pay income tax" is false.

- **Paragraph 14:** Denies.

  **Paragraph 15:** Denies.

- **Paragraph 16:** Denied. This assertion compounds one baseless assumption on top of another baseless assumption.

- **Paragraph 17:** Admits but denies the characterization that Peymon "brags".

- **Paragraph 18:** Admits.

- **Paragraph 19:** Denies.

- **Paragraph 20:** Admits that the Complaint alleges notices of deficiency were issued but denies their validity and legal effect.

- **Paragraph 21:** Admits.

- **Paragraph 22:** Admits that a Tax Court decision and appellate proceedings are alleged but denies that the IRS correctly calculated the Defendants' aggregate income for 2001 through 2006, denies that

Page 4 of 9

Defendants' income was properly allocated, denies being liable for penalties, denies any characterization inconsistent with applicable law, and reserves all defenses.

- **Paragraphs 23 through 34:** Denies.

## PART III: AFFIRMATIVE DEFENSES

Without assuming any burden not otherwise imposed by law, Defendant asserts the following defenses pursuant to Fed. R. Civ. P. 8(c):

- **First Affirmative Defense – Failure to State a Claim:** The Complaint fails to state a claim upon which relief can be granted, including a failure to establish valid and enforceable assessments.

- **Second Affirmative Defense – Invalid Assessments:** Plaintiff's claims are legally barred because the tax liabilities underlying the Complaint were not "timely and properly" assessed as alleged. To the contrary, the assessments were made in direct violation of mandatory statutory timeframes and express restrictions on assessment. Any assessment made in violation of such statutory timing restrictions is legally defective, void *ab initio*, and cannot support a judgment.

///

///

- **Third Affirmative Defense – Violation of RRA 1998 § 3707 (Illegal Designations and Tainted Referral):**

  The Plaintiff's Complaint is irreparably tainted by its reliance on statutorily prohibited designations. Under Section 3707 of the IRS Restructuring and Reform Act of 1998 (RRA 98), IRS officers and employees are strictly forbidden from labeling taxpayers as "illegal tax protesters (or any similar designation)." Pub. L. 105–206, title III, § 3707, July 22, 1998, 112 Stat. 778.

  As explicitly admitted in the Plaintiff's own Complaint, this action was "authorized and requested" by the Chief Counsel of the IRS pursuant to 26 U.S.C. §§ 7401 and 7403. Consequently, the Department of Justice (DOJ) is acting purely as the direct litigation arm of the IRS, prosecuting a case built entirely upon IRS investigatory files and administrative referrals.

  By adopting the term "tax defier"—a mere semantic substitute for the forbidden label—the DOJ is laundering the IRS's statutorily prohibited internal bias into the public court record. The Plaintiff cannot weaponize in litigation what the underlying agency is expressly prohibited by law from doing administratively. The Plaintiff's reliance on administrative

files infected by these labels is a flagrant attempt to circumvent a clear Congressional mandate and thereby unfairly prejudice the Court.

- **Fourth Affirmative Defense – First Amendment Retaliation:** This collection action was authorized not for a legitimate administrative tax purpose, but as a retaliatory measure to silence the Defendant's protected speech regarding the administration of federal tax laws.

- **Fifth Affirmative Defense – Lack of Proper Notice and Demand:** Plaintiff has not established that proper statutory notice and demand were made as required by law.

- **Sixth Affirmative Defense – Statute of Limitations:** Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitation.

- **Seventh Affirmative Defense – Penalties Not Properly Assessed:** Any claim for penalties, including "accrued but unassessed" penalties, is barred to the extent such penalties were not properly assessed in accordance with statute.

///

///

- **Eighth Affirmative Defense – Reservation of Additional Defenses:**

  Defendant reserves the right to assert additional defenses as they become known through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant April L. Mottahedeh respectfully requests that the Court:

A. Deny all relief requested in Plaintiff's Complaint;

B. Dismiss Plaintiff's Complaint with prejudice;

C. Order the IRS to expunge all "tax defier", "tax protester", or similar designations from Defendants' records; and

D. Grant such other and further relief as the Court deems just and equitable.

Date: April 24, 2026

April L. Mottahedeh, *Pro Se*
P.O. Box 10599, Brooksville, Florida 34603
peymon@freedomlawschool.org
(760) 964-5519

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2026, I filed the foregoing *Defendant April L. Mottahedeh's Answer and Affirmative Defense* with the Clerk of the Court, who will enter the document into the CM/ECF system, which will send a notice of electronic filing to the Plaintiff's counsel:

> Daniel B. Causey
> Trial Attorney, Tax Division
> U.S. Department of Justice

April Mottahedeh