UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                        Case No.: 8:25-cv-01728-JLB-NHA

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH (a/k/a
APRIL L. BEATTY),

     Defendants.

_____/

## **ORDER**

The United States moves for the entry of a Clerk's default against Defendants Peymon and April Mottahedeh, for their failure to timely answer the Complaint. Doc. 30. Defendants oppose the motion (Doc. 33) and have answered the Complaint (Docs. 37, 38). Because Defendants have demonstrated an intent to defend, and have now answered the Complaint, I deny the United States' motion without prejudice. However, I caution Defendants that continued dilatory tactics or disregard of Court orders could expose them to sanctions, including the Court striking their answers, resulting in a default.

## I.    Background

The United States brought this action on July 3, 2025, asserting one claim against each Defendant, seeking to reduce to judgment the Defendants' allegedly unpaid federal tax liabilities that accrued between 2001 and 2006. Doc. 1. The United States alleges that the IRS began an audit of Defendants' tax liabilities in 2008; that it subsequently issued notices of deficiency to Defendants; that Defendants (who then lived in California) challenged the notices in a federal tax court in California; that the tax court upheld the alleged deficiencies; and that the Ninth Circuit affirmed the tax court decisions; but that Defendants have never paid any portion of the deficiencies. Doc. 1 ¶¶ 18-24.

Defendants were served on January 12, 2026 (Docs. 17, 18) and appeared on February 2, by filing a pro se motion to extend their time to answer the Complaint (Doc. 19). The Court granted that motion, extending Defendants' deadline to respond to the Complaint to March 13, 2026. Doc. 20. On March 12, Defendants moved to strike certain portions of the Complaint, arguing that some of the United States' assertions were "immaterial, impertinent, and scandalous." Doc. 21. I denied the motion in a written order on March 17, 2026. Doc. 25. The order concluded by noting that Defendants' extended answer deadline had already expired, and by ordering Defendants to answer the

2

complaint on or before March 24, 2026. Doc. 25 p. 7. Defendants were warned that their "failure to timely answer may result in their default." *Id.*

Defendants did not file an answer, a motion to dismiss, or any other pleading responsive to the complaint on or before March 24. They did, however, object to the order denying their motion to strike. Doc. 26. On April 10, the District Court overruled Plaintiff's objections and upheld the order denying the motion to strike. Doc. 28.

On April 16, the United States filed the instant motion, seeking the entry of Clerk's default against Defendants. Doc. 30. In the motion, the United States explained that Defendants were ordered to respond to the complaint by March 24 (a deadline that represented two prior extensions), but that Defendants had yet to do so. Doc. 30 p. 2. The United States argued that Defendants had, therefore, failed to plead or otherwise defend the case and that the entry of default against them was appropriate. Doc. 30 pp. 2.-3.

Defendants opposed the motion,[1] arguing that: (1) their motion to strike constituted a defense against the Complaint because it "[sought] a

---

[1] The Court notes that the last page of Defendants' response to the motion bears the name of both Defendants, but is signed only by April Mottahedeh. Doc. 33 p. 7. Under Rule 11, filings must be signed by the party submitting the filing. Defendants' failure to abide by Rule 11 or other Federal Rules in future filings may result in the Court *sua sponte* striking the filing, or in other sanctions.

determination on the legal sufficiency of the Complaint"; (2) that their deadline to respond to the Complaint was stayed pending the District Court's resolution of their objections to the order denying their motion to strike; and (3) that abiding by the deadline set by the order denying the motion to strike was impossible because they did not receive a copy of the order in the mail. Doc. 33.

Defendants subsequently filed answers to the complaint. *See* April Mottahedeh Answer, Doc. 37; Peymon Mottahedeh Answer and Counterclaims, Doc. 38. The answers were docketed on April 27 and 28, but the docket indicates that they were submitted to the Clerk on April 24.

## II.   Relevant Law

Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Generally, the rule is non-discretionary; a defendant who fails to timely answer a complaint is in default. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) ("[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted.") (citing 10A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2692 (4th ed. 2004)).

However, when a defendant has shown an intent to defend, courts may deny a motion to enter default. Because Rule 55(c) permits courts to set aside entries of default upon a showing of "good cause," courts sometimes deny a motion for entry of Clerk's default on the basis that it is already clear that any default would likely be set aside. *See Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 455 (D.D.C. 2015) ("The Court will not order a default 'when it is apparent that in the exercise of its discretion the default will be set aside on motion.'") (quoting *Brown v. Weschler*, 135 F.Supp. 622, 624 (D.D.C.1955)); *Song v. Smith*, 952 F.2d 407 (9th Cir. 1992) (affirming a district court's denial of a motion for entry of default because the defendant "undoubtedly would have responded with a motion to set aside the default" and the district court reasonably chose to "avoid unnecessary litigation on the issue of default" by denying the motion).

## III.  Analysis

Here, Defendants failed to timely respond to the Complaint, so entry of default would be appropriate. However, Defendants are pro se, have now filed answers, and their failure to timely defend was at least partly due to an apparently genuine misunderstanding of the relevant law. It is thus appropriate to exercise the Court's discretion to deny the motion for an entry

of default, because the Court would likely set aside any default under Rule 55(c).

a.  <u>Defendants failed to timely defend against the complaint.</u>

On April 24, 2026, over four months after being served,[2] Defendants filed their answers to the Complaint. Defendants offer several arguments purporting to defend the timeliness of their answers. Each argument is mistaken.

First, Defendants object to the Court's observation in its order denying their motion to strike that the extended answer deadline had "already expired" when the motion was denied. Doc. 33 p. 3 (quoting Order, Doc. 25 p. 7). They suggest that their motion to strike qualified as a responsive pleading for the purposes of Rule 55. *But see* 5B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1346 (4th ed. 2026) (observing that a motion to strike portions of a complaint "should not delay the time for the defendant to respond to the complaint," lest such motions "inevitably become a tool for imposing unnecessary delay"). But, even were the motion to strike considered a responsive pleading, this objection would fail, because the order on the motion

---

[2] The United States' returns of service show that Jeffrey Cobb, Deputy United States Marshal, served both Defendants by serving April Mottahedeh at Defendants' shared residence at 6491 Boxwood Street, Brooksville Florida 34602, on January 12, 2026. Docs. 17, 18.

itself set a new deadline for Defendants' answer, which Defendants failed to abide.

Defendants next object that, notwithstanding the Court's order that they answer the Complaint within seven days of the order denying their motion to strike, Rule 12(a)(4)(A) gave them fourteen days from the denial to file an answer. But Defendants ignore the introductory language in Rule 12(a)(4), which provides a fourteen-day post-denial deadline to answer "unless the court sets a different time . . ." Here, the Court explicitly set a different deadline for Defendants' answer, rendering Rule 12(a)(4)(A) inapplicable.

Finally, Defendants argue that their answers were not due until April 24 (or, when accounting for mail filing, April 27). In support of this conclusion, they insist not only that Rule 12(a)(4)(A)'s fourteen-day allowance applied to their answer deadline, but that the fourteen days did not *begin* running until the *District Court* overruled their objections to my order on April 10, rather than when the order itself was issued on March 17.[3] Defendants are incorrect.

---

[3] As an ancillary point, Defendants also appear to argue that the fact that they apparently never received the Court's March 17 order in the mail should somehow impact their answer deadline. However, as they state in another filing (Doc. 32), and as indicated by their acknowledgement that they filed their objection to the order "on the very day the Answer was purportedly due" (Doc. 33 p. 2), Defendants regularly monitor the docket via PACER and were aware of the Court's March 17 order well before the March 24 deadline.

Under federal law, "a judge may designate a magistrate judge to hear *and determine* any pretrial matter pending before the court," except for dispositive motions. 28 U.S.C.A. § 636(b)(1)(A) (emphasis added); *see also* FED. R. CIV. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear *and decide* . . . ") (emphasis added). Here, upon referral from the district court, the magistrate judge evaluated the motion to strike, denied it, and in its denial, set a deadline for Defendants' answer. That order was binding on Defendants upon notice.

Nor did Defendants' objection stay the order. While parties have a right to timely object to a magistrate judge's order on a non-dispositive motion, doing so does not by itself suspend or nullify the order. *See TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) ("Even though a party may object to a magistrate judge's order on a non-dispositive matter . . . an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order."); *Taser International, Inc., v. Phazzer Electronics, Inc., et al.*, No. 6:16-CV-366-PGB-LHP, 2023 WL 12189258, at *2 (M.D. Fla. Sept. 8, 2023) (same); *see also PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1093 (D. Nev. 2022) ("It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation.")

8

(collecting cases); *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656 (D. Colo. 2001) ("Those courts that have considered the issue have held that the filing of an objection does not automatically stay the magistrate judge's order."); 12 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3069 (3d ed. 2026) ("[A] timely objection does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection."). And while Defendants objected to the entirety of the order denying their motion to strike, they neither requested nor received a stay in its enforcement.

In short, as the Court stated in its March 17 order, Defendants' answer was due on March 24. Defendants instead answered on April 24, after the United States had filed the present motion, in which it correctly asserted that Defendants had failed to timely answer the Complaint. Thus, an entry of default would be warranted.

      b. <u>Were default entered against Defendants, it would likely be set aside.</u>

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside the entry of Clerk's default "for good cause." FED. R. CIV. P. 55(c). In determining whether good cause is shown, courts generally evaluate (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana Export–Import, S.A.*

*v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). These factors are not exclusive. *Id*. Nonetheless, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id*. at 951–52 (citation omitted). The standard of good cause to set aside a Clerk's entry of default is distinct from the "more rigorous" standard of "excusable neglect" applied to motions to set aside final default judgments. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

Here, while it is a close question, good cause would likely exist to set aside a default were it to be entered against Defendants. First, though Defendants' delay does appear to have been "willful," it was not entirely "culpable," in that Defendants presented a plausible (but mistaken) interpretation of the deadlines set by the Federal Rules and the Court's orders. Second, while the United States has likely been prejudiced by the delays in this case (which was filed in July 2025), they would not necessarily be prejudiced by the set-aside (or denial of) Defendants' default, because they moved for the default only recently, and nothing of note has occurred in the case since then. Third, without expressing any opinion on the merits of Defendants' Answers, they have now presented substantive defenses. *See Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657 (M.D. Fla. 2014)

(recognizing that, in the Rule 55(c) context, a "meritorious defense" means only a "good defense at law," and that "whether a defense is meritorious does not depend on its likelihood of success"). Finally, and perhaps dispositively here, courts in the Eleventh Circuit "have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). Now that Defendants have filed their answers, it appears likely that this case may be resolved, one way or another, on its merits. Thus, any default entered against Defendants would likely be set aside.

## IV.   Conclusion

The United States has shown that it is entitled to an entry of default against Defendants, but I conclude that a default entered against Defendants would likely be set aside. Accordingly, in the interest of judicial efficiency, I deny without prejudice the United States' motion.

Nonetheless, given that Defendants have disregarded unambiguous orders and the Federal Rules, *see, e.g., supra* n. 1, a caution appears warranted here. The Court recognizes that Defendants are pro se, but that does not —and, going forward, will not—excuse their failure to follow applicable rules and orders. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required

11

them to conform to procedural rules."). Now that default has been avoided, the

Court expects that Defendants will participate in the litigation of this case in

good faith and in accordance with rules and orders.

ORDERED on April 29, 2026.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE