IN THE UNITED STATES DISTRIC COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 8:25-cv-1728 -JLB-NHA

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH (a/k/a/
APRIL L. BEATTY),

    Defendants.

_____/

## JOINT UNIFORM CASE MANAGEMENT REPORT

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1.  **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

May 14, 2026. Attendees: Peymon Mottahedeh, April Mottahedeh (the "Defendants") and Daniel Causey, counsel for the United States.

## 2.  Deadlines and Dates

The parties have been unable to agree on the deadlines for this case. Mr. Mottahedeh included counterclaims with his Answer, which he anticipates amending by May 15, 2026. Dkt. No. 37, 38. The United States intends to move to dismiss the counterclaims.

**The United States' Position**: Mr. Mottahedeh's counterclaims are meritless and should not delay this litigation from moving forward. The Court should proceed with enter a scheduling order consistent with the dates proposed by the United States, consistent with the Court's scheduling parameters.

**The Defendants' Position**: The Court should refrain from entering a scheduling order for 90 days until the counterclaims are resolved. In the alternative, they have proposed the dates listed in the "Defendants' Proposed Dates" column, below. Mr. Mottahedeh's counterclaims include a Bivens claim against individual agents acting outside their official capacities, as alleged by the Defendants. The Defendants have structured these proposed dates to allow for the necessary discovery under the Federal Rules before they can identify and join all required parties.

| | | |
|---|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 4/30/2027 | 12/10/2027 |
| Month and year of the trial term. | May 2027 | January 2028 |

The United States' position is that trial will last approximately 3 days. The Defendants have requested a jury trial, and estimate the trial will last approximately 7 days.

3. **Description of the Action**

The United States filed this action to obtain a judgment for outstanding federal income tax liabilities owed by Peymon Mottahedeh and April L. Mottahedeh (aka April L. Beatty) for their separate outstanding federal income tax liabilities for 2001 through 2006.

The Defendants deny the claims, assert affirmative defenses, and assert a Bivens Counterclaim against the United States and unknown individual agents acting outside their official capacities. The identities of these individual agents will be determined through discovery.

4. **Disclosure Statement**

The parties have filed their disclosure statements. *See* Dkt. No. 2, 23.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere

4

| Action or Event | United States' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 5/28/2026 | 5/28/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 6/14/2026 | 12/3/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | | |
| Plaintiff | 8/3/2026 | 3/15/2027 |
| Defendant | 9/2/2026 | 4/15/2027 |
| Rebuttal | 10/2/2026 | 5/17/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 11/2/2026 | 6/30/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 12/2/2026 | 8/2/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The parties are conferring on a mediator, and will report to the Court when one has been selected | 11/30/2026 | 6/14/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/2/2027 | 11/15/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 4/14/2027 | 11/29/2027 |

by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties not consent to trial before a magistrate judge.

7. **Preliminary Pretrial Conference**

The parties request a preliminary pretrial conference.

The United States' position is that the scheduling disputes between the parties can best be resolved with the input of the magistrate judge. The United States also believes that the magistrate may be best suited to address and resolve some of the issues raised by the Defendants.

The Defendants' position is that a conference is not needed for 90 days until the Court resolves the United States' forthcoming motion to dismiss Mr. Mottahedeh's counterclaims. At the conference, the Defendants wish to discuss a

phased schedule for historical IRS ESI discovery, and the timeline needed for Defendants to identify and join unknown individual counter-defendants pursuant to FRCP 19(c) and 13(h).

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm that they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties propose the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

The United States intends to provide Forms 4340, *Certificate of Assessments, Payments, and Other Specified Matters*, for the Defendants' tax liabilities at issue. Forms 4340 are entitled to a presumption of correctness. The United States contends that minimal, if any, additional discovery beyond those documents is needed.

The Defendants contend discovery is needed with respect to the IRS administrative records, tax assessments, bases for calculations, and the identities and actions of individual IRS personnel regarding the Defendants.

C.    Discovery should be conducted in phases:

The United States does not believe it is necessary to conduct discovery in phases.

The Defendants propose the following phases for discovery: Phase 1: Production of IRS databases, ESI, and administrative records to identify key actors. Phase 2: Interrogatories, Requests for Admission, and Depositions based on Phase 1 disclosures, and discovery involving the newly joined counterclaim defendants.

D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒    No.
    ☐    Yes; describe the issue(s).

The parties agree to confer on ESI production through discovery, and will ensure that produced documents will be text-searchable in compliance with Section 10 of the Civil Action Order

E.    The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the

Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

The United States has considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d). No orders or special procedures are needed at this time.

The Defendants propose requesting the Court enter a standard Federal Rule of Evidence 502(d) order to protect against inadvertent waiver of privilege during the production of voluminous documents, along with the exchange of privilege logs.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

Per Section 10 of the Civil Action Order, the parties stipulate that they may agree to conduct discovery after the discovery deadline without Court intervention, provided scheduled events are not affected.

## 10.  Request for Special Handling

The United States does not request special handling.

Defendants Peymon and April unilaterally request an extended discovery track and deadline to join parties (Dec. 3, 2026). Defendants' Bivens counterclaim involves specific individual IRS agents whose identities are currently unknown. Under FRCP 19(c) and 13(h), Defendants must receive and review Plaintiff's initial

Phase 1 document production to identify these actors before they can be formally joined. An extended joinder deadline is a procedural necessity under Rule 19.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

| *For the United States (Plaintiff)* | *Peymon Mottahedeh (Defendant)* | *April Mottahedeh (Defendant)* |
|---|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br><br>JOSHUA WU<br>Deputy Assistant Attorney General,<br>Tax Litigation Branch<br><br>*/s/ Daniel B. Causey, IV*<br>DANIEL B. CAUSEY, IV<br>SC Bar No. 104035<br>Trial Attorney, Tax Litigation Branch<br>Civil Division, Department of Justice<br>P.O. Box 14198<br>Washington, D.C. 20044<br>202-307-1427 (v)<br>202-514-4963 (f)<br>Daniel.B.Causey@usdoj.gov<br><br>*Of Counsel:*<br>Gregory W. Kehoe<br>United States Attorney<br>Middle District of Florida | | |