IN THE UNITED STATES DISTRIC COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               Case No. 8:25-cv-1728 -JLB-NHA

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH (a/k/a/
APRIL L. BEATTY),

    Defendants.

_____/

### UNITED STATES' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

The United States filed this suit to collect Peymon and April Mottahedeh's

(the "Defendants") separate unpaid federal income tax liabilities for 2001

through 2006, which collectively total $348,600.88. In his Answer, P. Mottahedeh

admits that the Defendants "have not filed or paid any federal income taxes for

over 30 years." Dkt. No. 43, p. 39 ¶ 127.

P. Mottahedeh's Counterclaim does not raise a legitimate challenge to any

of the IRS's efforts to assess and collect the tax due against him; rather, he seeks

damages and injunctive relief based on his allegation that the IRS has labeled

him a "tax protestor." *Id.*[1] His Counterclaim names the United States, 11 individuals that worked for the IRS, and 100 other "John and Jane Does." *Id.* Both counts of this Counterclaim must be dismissed.

Count I is for a purported *Bivens* action for alleged First Amendment violations. But despite his conclusory allegation that the named (and unnamed) IRS employees acted outside the scope of their employment, Count I is properly construed as a claim against the United States because P. Mottahedeh seeks relief for actions taken by IRS employees during the normal course of their employment to collect his taxes. And as a claim against the United States, Count I must be dismissed for failure to state claim. In any event, P. Mottahedeh does not allege a "protected activity" that would invoke the First Amendment's protection. Nor does P. Mottahedeh allege any facts showing the named (and unnamed) IRS employees actually retaliated against him. Thus, P. Mottahedeh fails to state a claim for which relief can be granted, and the Court must dismiss Count I under Fed. R. Civ. P. 12(b)(6).

Count II is for a purported violation of section 3707 of the IRS Restructuring and Reform Act of 1998 ("RRA 1998") and the Administrative Procedure Act ("APA"). But P. Mottahedeh has not pled a waiver of the United

---

[1] Defendant April Mottahedeh did not include a counterclaim in her answer. *See* Dkt. No. 42.

States' sovereign immunity, which forecloses the relief he seeks and requires the Court to dismiss Count II under Fed. R. Civ. P. 12(b)(1). RRA 1998 does not contain a provision allowing private causes of action against the government. And the APA's waiver of sovereign immunity is not applicable here because P. Mottahedeh has not identified a final agency action he is challenging. In any event, P. Mottahedeh's allegations fail to rise above the level of speculation, and must be dismissed under Fed. R. Civ. P. 12(b)(6).

## MEMORANDUM OF LAW

### I.    Count I fails to state a claim for relief.

In Count I, P. Mottahedeh seeks damages against certain IRS employees for alleged violations of his First Amendment rights. This claim should be construed as a claim against the United States because the allegations show that the employees at all times acted within the scope of their employment. Indeed, P. Mottahedeh goes into great detail of his interactions with the IRS, and those allegations show that the purported individual defendants were just doing their jobs to enforce our nation's tax laws. As a claim against the United States, Count I must be dismissed for failure to state a claim.

In any event, P. Mottahedeh's claim against the named and unnamed individuals fails because P. Mottahedeh did not engage in a protected First Amendment activity and because he cannot show that there was retaliation.

**A. As construed as a claim against the United States, Count I must be dismissed for failure to exhaust administration remedies.**

Where an action is against an individual defendant, but the acts complained of consist of actions taken by that defendant in his official capacity as an agent of the United States, the action is in fact one against the United States. *Rosado v. Curtis*, 885 F.Supp. 1538, 1542 (M.D. Fla. 1995), *aff'd*, 84 F.3d 437 (11th Cir. 1996). The law is clear that suits against IRS employees in their official capacities are suits against the United States, *see id.* at 1542, and the rule of sovereign immunity cannot be avoided by "merely denominating officers and employees of the United States as defendants." *United States v. Korman,* Case No. 07-80998-Civ, 2008 U.S. Dist. LEXIS 108157, at *10-11 (S.D. Fla. Nov. 5, 2008) (internal quotations omitted); *Dockens v. United States*, Case No. 1-15-cv-2761-SCJ, 2017 U.S. Dist. LEXIS 232246, *26 (N.D. Ga. Feb. 10, 2017) (dismissing individually named IRS employees as defendants because the United States was the proper party). Thus, Count I should be construed as a claim against the United States, and as such, it must be dismissed.

As an initial matter, there is no waiver of sovereign immunity for P. Mottahedeh's claimed First Amendment violation. Count I can be dismissed on this basis.

But, broadly construing the counterclaim in light of P. Mottahedeh's status as a pro se litigant, Count I can be viewed as a claim for damages under 26 U.S.C.

4

§ 7433. Section 7433 permits taxpayers to seek damages against the United States for unauthorized collection actions. Before bringing a § 7433 damage claim, however, the taxpayer must exhaust her administrative remedies. Failure to exhaust requires dismissal for failure to state claim. *Galvez v. IRS*, 448 F. App'x 880, 887 (11th Cir. 2011) (holding 26 U.S.C. § 7433 foreclosed damages absent the exhaustion of administrative remedies, and taxpayers' failure to do so required dismissal under Fed. R. Civ. P. 12(b)(6)).

Here, P. Mottahedeh fails to allege that he exhausted administrative remedies before seeking damages. Thus, Count I must be dismissed for failure to state a claim.

### B. P. Mottahedeh fails to show that there was a protected activity and that there was retaliation.

Even if Count I is not viewed as a claim against the United States, it still must be dismissed. "The First Amendment guarantees an individual the right to speak freely, including the right to criticize the government and government officials . . . [t]o protect that right, public officials are prohibited from retaliating against individuals who criticize them." *Trulock v. Freeh*, 275 F.3d 391, 404 (4th Cir. 2001). But as the Supreme Court has observed, the test for retaliation should not place someone "in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied had he done nothing." *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 285 (1977).

Therefore, a person who complains about First Amendment retaliation must first show that he engaged in constitutionally protected conduct and that the conduct was a "substantial factor" in the government's action against him. *See id.* at 287.

"'As a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). "To prevail on such a claim, [defendant]plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury. *Nieves*, 587 U.S. at 398 (quoting *Hartman*, 547 at 259).  And so, a party seeking recovery for First Amendment retaliation must allege that "(1) he 'engaged in constitutionally protected speech,' (2) 'the defendant's retaliatory conduct adversely affected that protected speech,' and (3) 'a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech.'" *Jennings v. Smith*, No. 23-14171, 2024 WL 4315127, at *4 (11th Cir. Sept. 27, 2024) (quoting *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1297 (11th Cir. 2019). *See also Mt. Healthy*, 429 U.S. at 285-87 (discussing causation in detail).

P. Mottahedeh must show that he engaged in a protected activity. A generous reading of the counterclaim infers that his alleged protected activity was the seminars that he uses to communicate his viewpoints about the IRS. Dkt.

No. 43. P. Mottahedeh was paid fees by the customers of Freedom Law School. ECF 1 at ¶ 15. In doing so, this speech is amounts to commercial speech because the "expression related solely to the economic interests of the speaker and its audience." *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 561 (1980). P. Mottahedeh sold these tax-evasion techniques for his own financial gain and to assist his customers with evading taxes. Therefore, the purported protected activity is commercial speech. And where the commercial speech is misleading, or is related to unlawful activity, there simply is no First Amendment protection and no retaliation. *Id.* at 563-564.  Further, in *United States v. Stevens*, 559 U.S. 460, 468 (2010), the Supreme Court stated that the First Amendment permits a restriction on speech to the in limited areas such as fraud and criminal conduct, amount others. And that is the case here. The teachings of Freedom Law School encourage its customers to violate the Internal Revenue Code, and that is facially fraudulent. No matter how P. Mottahedeh wishes to spin their story, their illicit conduct is not protected. In the words of Judge Gustafson on the Tax Court:

> Protest of the Government, if undertaken lawfully, is protected by the First Amendment to our Constitution and is as American as apple pie. In this country no stigma attaches to being a legitimate "protester". But people who file dishonest "zero returns" or who otherwise try to shirk their civic responsibility, evade their fair share of the tax burden, waste tax enforcement resources, and clog the courts with pointless lawsuits are simply scoff-laws. They enjoy the benefits of American security and stability while refusing to shoulder their portion of the burden. They are not protesters but are defiers.

*Wnuck v. Comm'r*, 136 T.C. 498, 502 n. 2 (2011).

P. Mottahedeh's Count I should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### C.  P. Mottahedeh fails to show that the named individuals acted outside of their official capacity.

Under *Bivens*, a party can bring a claim against federal employees and officials who have committed constitutional violations. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The *Bivens* inquiry is a two-step process. First, a court must decide whether this is a new *Bivens* context, i.e., whether "the case is different in a meaningful way from previous *Bivens* cases decided by th[e Supreme] Court."  *Ziglar v. Abbasi*, 582 U.S. 120, 122 (2017). Second, if it a new context, "a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* at 136 (quoting *Carlson v. Green,* 446 U.S. 14, 18 (1980)). Further, assuming P. Mottahedeh can even show that they are entitled to such a remedy, the Supreme Court has held that actions under *Bivens* are "a disfavored judicial remedy." *Egbert v. Boule*, 596 U.S. 482, 491 (2022).

The purported claim under *Bivens* in this case seeks a remedy for a First Amendment violation. This is different from the *Bivens* cases already decided by the Supreme Court. That is because, the Supreme Court has "never held that

8

*Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, n.4 (2012). Therefore, this would be a new context. As such, the inquiry goes to step two which is to analyze where there are 'special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 582 U.S. at 136. And while the Supreme Court has not specifically defined what this means, "[t]he necessary inference ... is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* And here it has. Courts have repeatedly held that a *Bivens* remedy should not be available for damages against agents of the Internal Revenue Service for assessment and collection activities. *Wood v. United States*, Case No. 20-cv-81663-RAR, 2021 WL 327640 (S.D. Fla. Jan. 31, 2021) (collecting cases). And "this is because Congress has put in place 'adequate procedures to address any constitutional violations that may occur in the course of assessing and collecting taxes.'" *Id.* Further, courts have held that "the right to sue as established by *Bivens* is qualified and is not absolute." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Moreover, "*Bivens* relief is not available in actions against IRS auditors and officials acting in their official capacity." *Id.* at 1186. *See also Szanto v. IRS (In re Szanto)*, 574 B.R. 862, 867 (Bankr. D. Or. 2017). As discussed in section A, above, the named

9

individuals are IRS officials acting in their official capacity. As such, a *Bivens* remedy cannot extend to their actions.

Last, "[a] suit against a federal employee in their official capacity requires a waiver of the United States' sovereign immunity." *Williams v. Cheatham*, 548 F. Supp. 3d 1174, 1178 (M.D. Fla. 2021). Although P. Mottahedeh attempt to shirk this requirement by listing the IRS employees in their "individual capacity[ies]," he fails to allege that they any of the named IRS employees acted outside of their official capacity. *Szanto*, 574 B.R. at 867 (highlighting that "Plaintiff does not allege that the individual defendants took any action outside their official capacity."). As such, there is no waiver of sovereign immunity.

P. Mottahedeh cannot show that he is entitled to a remedy under *Bivens* because he fails to show that *Bivens* extends to a First Amendment claim, and that Congress has not provided another remedy (because it has). Further, P. Mottahedeh has failed to allege another necessary factor—that the IRS employees *acted* outside their official capacity, simply stating it in the caption is insufficient. As such Count I for a *Bivens* remedy fails. P. Mottahedeh's Count I should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**II. Count II of the Counterclaim must be dismissed under Rule 12(b)(1) and 12(b)(6).**

### A. RRA 1998 § 3707 does not provide a waiver of sovereign immunity for P. Mottahedeh's counterclaim.

As a sovereign entity, the United States "is immune from suit unless it consents to be sued." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011). The terms of the statute waiving immunity define the court's jurisdiction to entertain the suit, and such statutes are strictly construed. *Id*. Therefore, courts may entertain only those suits that are fully in accord with the provisions of the statute. *Id*. The plaintiff bears the burden of establishing subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The requirement that the United States consent to be sued applies equally to counterclaims. *United States v. Timmons*, 672 F.2d 1373, 1379 (11th Cir. 1982).[2] Failure to find a waiver of sovereign immunity requires dismissal under Fed. R. Civ. P. 12(b)(1).

RRA 1998 provides no such waiver of sovereign immunity. *See* Pub. L. No. 105-206, § 3707, 112 Stat. 778 (1998). Section 3707 directs the IRS not to designate individuals as "tax protestors" in its records. It does not include a private right

---

[2] P. Mottahedeh asserts, without support, that the government has "waived sovereign immunity" for facts related to the issues in its complaint. Dkt. No. 43, ¶ 39. This is not true. The government's suit is to collect P. Mottahedeh's outstanding federal tax liability, and the injunctive relief requested by P. Mottahedeh is of different "kind or nature" to that sought by the government. *Timmons*, 672 F.2d at 1380.

11

for individuals to sue under that statute, or otherwise seek damages. That omission is significant because Congress has demonstrated that, when it intends to provide judicial remedies against the IRS, it does so expressly through specific statutory provisions. *See, e.g.*, 26 U.S.C. § 7433 (allowing taxpayers to "bring a civil action for damages against the United States" for unauthorized collection activities). Because Section 3707 does not provide a waiver of sovereign immunity, it cannot be the basis for P. Mottahedeh's counterclaim.

### B. The Administrative Procedure Act does not provide a basis for Count II because P. Mottahedeh does not challenge a final agency action.

Count II of P. Mottahedeh's counterclaim fares no better under the Administrative Procedure Act ("APA"). The APA "does not provide judicial review for everything done by an administrative agency," *Hearst Radio, Inc. v. F.C.C.*, 167 F.2d 225, 227 (D.C. Cir. 1948). The waiver of sovereign immunity under the APA is limited to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. A "final" agency action is one which 1) "mark[s] the consummation of the agency's decisionmaking process," and 2) is "one by which rights or obligations have been determined or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).

Here, P. Mottahedeh has not identified a "final agency action" to invoke the APA's limited waiver of sovereign immunity. P. Mottahedeh's counterclaim

12

centers on the IRS's alleged use of "defamatory labels in [his] file." Dkt. No. 43, ¶ 98. Even if there were a plausible basis for his claims, he does not allege any discrete action taken by the IRS as a result. Maintaining labels is not a "final agency action" subject to review because it does not create any legal consequences. *See Iqubal v. DOJ*, Case No. 3:11-cv-369, 2013 WL 5421952, at * 19-18 (M.D. Fla. Sept. 26, 2013) (holding IRS's alleged "intercepting communication, conducting electronic surveillance, and subsequently using and keeping this unlawfully collected information" did not constitute final agency action); *see also ERC Today LLC v. McInelly*, 782 F. Supp. 3d 721, 738-739 (D. Ariz. 2025) (holding IRS "processing procedures" categorizing claims not a final agency action). Because P. Mottahedeh has not adequately alleged a final agency action, Count II must be dismissed under Fed. R. Civ. P. 12(b)(1). *See Jallali v. Sec'y, U.S. Dep't of Educ.*, 437 F. App'x 862, 864 (11th Cir. 2011).

And to the extent P. Mottahedeh contends that the IRS's assessment of taxes against him constitutes the challenged agency action, his claim independently fails because the Anti-Injunction Act bars suits seeking to restrain the assessment or collection of federal taxes. 26 U.S.C. § 7421(a). Congress has provided a specific remedy for taxpayers seeking to challenge the legality of an assessment in district court: payment of the tax and a subsequent refund action. *See* 26 U.S.C. § 7422. The APA does not provide a go-around for that process. *See*

13

*Locke v. Waller*, No. CIV.A.5:98-CV-112-2, 1998 WL 1083453, at \*2-3 (M.D. Ga. Nov. 10, 1998) (finding sovereign immunity barred claims brought pursuant to Section 704 where 26 U.S.C. § 7422(a) allows suit for recovery of illegally assessed or collected taxes).

### C. Count II fails to state a claim upon which relief can be granted.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a counterclaim must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When the complaint is not plausible on its face, it must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the Court can properly ignore allegations that merely state legal conclusions. *Id.* Accordingly, a pleading that offers only legal conclusions or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Twombly*, 550 U.S. at 555.

Here, the allegations in Count II do not meet the plausibility standard. Although the counterclaim asserts that the IRS maintained "defamatory labels"

14

about him, P. Mottahedeh does not point to specific conduct or concrete actions against him. Instead, the counterclaim is largely a collection of derogatory characterizations of IRS employees and expressing his disdain for the IRS's investigation of him. *See, e.g.*, Dkt. No. 43, ¶ 136 ("IRS top leaders have no regard, respect, or allegiance to their oath to uphold and defend the US Constitution from all enemies, foreign and domestic. IRS top leaders are only interested in keeping their high-level, prestigious IRS jobs, pay, power, and comfortable fat pensions in the coming years.) P. Mottahedeh makes only one vague reference to a note referring to him as a "potential fraudulent TX protester," which was years before RRA 1998 was passed. Dkt. No. 43, ¶ 90.[3] This allegation does not identify any facts from which the Court could plausibly infer that the IRS violated RRA 1998 § 3707 or the APA. Because P. Mottahedeh has pleaded only conclusory assertions and dissatisfaction with the IRS's conduct—not facts establishing a plausible entitlement to relief—Count II should be dismissed under Rule 12(b)(6).

---

[3] P. Mottahedeh does not allege that this label remained *after* Congress passed RRA 1998. And, in any event, § 3707(a) specifically contemplates that preexisting tax protester designations may remain in materials other than the individual master file and merely directs respondent's employees to disregard them. *See Sapp v. Comm'r,* T.C. Memo 2006-104 (2006).

15

## CONCLUSION

P. Mottahedeh's erroneous belief that he has to pay taxes does not give rise

for him to bring a counterclaim against the United States. The Counterclaim

identifies no protected activity, no retaliatory conduct, no waiver of sovereign

immunity, and no final agency action subject to review. Accordingly, both counts

fail as a matter of law and should be dismissed.


Dated: June 29, 2026                          Respectfully submitted,

                                              BRETT A. SHUMATE
                                              Assistant Attorney General

                                              JOSHUA WU
                                              Deputy Assistant Attorney General,
                                              Tax Litigation Branch

                                              */s/ Daniel B. Causey, IV*
                                              DANIEL B. CAUSEY, IV
                                              SC Bar No. 104035
                                              Trial Attorney, Civil Division
                                              Tax Litigation Branch
                                              U.S. Department of Justice
                                              P.O. Box 14198
                                              Washington, D.C. 20044
                                              202-307-1427 (v)
                                              202-514-4963 (f)
                                              Daniel.B.Causey@usdoj.gov

                                              *Of Counsel:*
                                              Gregory W. Kehoe
                                              United States Attorney
                                              Middle District of Florida

16

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Counsel for the United States, the movant, in good faith attempted to confer with the Defendants by phone and email, but the parties were not able to reach an agreement regarding the motion.

*/s/ Daniel B. Causey, IV*
DANIEL B. CAUSEY, IV
SC Bar No. 104035
Trial Attorney, Tax Litigation Branch
Civil Division, Department of Justice

## <u>CERTIFICATE OF SERVICE</u>

I certify that I sent the above document to the Defendants by mail and email on June 29, 2026to the following:

Peymon Mottahedeh
PO Box 10599
Brooksville, FL 34603
Peymon@FreedomLawSchool.org

April Mottahedeh
PO Box 10599
Brooksville, FL 34603
Peymon@FreedomLawSchool.org

*/s/ Daniel B. Causey, IV*
DANIEL B. CAUSEY, IV
SC Bar No. 104035
Trial Attorney, Tax Litigation Branch
Civil Division, Department of Justice