**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**
Plaintiff,

v. **Case No. 8:25-cv-1728-JLB-NHA**

**PEYMON MOTTAHEDEH and**
**APRIL L. MOTTAHEDEH,**
Defendants.

OCT 7 2026 PM3:13
FILED - USDC - FLMD - TPA

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, TO COMPEL AN AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 3.01(b), Defendants Peymon Mottahedeh and April L. Mottahedeh (collectively "Defendants"), appearing *pro se*, respectfully move this Court for an Order compelling Plaintiff United States of America to produce documents responsive to Defendants' First Request for Production of Documents (RFPs), or alternatively, to compel the Plaintiff to file an Amended Complaint removing allegations the Plaintiff now formally admits are irrelevant.

*(Note: Defendants concede that Plaintiff has validly asserted attorney-client privilege regarding the documents sought in RFPs No. 1 and 8, and therefore do not move to compel those specific requests).*

## I. PRECISE RELIEF REQUESTED

Defendants request the Court to:

1. Compel Plaintiff to produce the underlying factual documents requested in **RFPs No. 2, 3, 4, 6, and 7**.
2. Compel Plaintiff to produce documents responsive to **RFP No. 5**, as Plaintiff failed to raise a valid legal objection to the specific request made.
3. In the alternative, if the Court accepts Plaintiff's assertion that the allegations targeted in RFPs 2, 3, 4, 6, and 7 "have no bearing" on this case, compel the Plaintiff to file an Amended Complaint removing those irrelevant allegations.

## II. BASIS FOR THE REQUEST

### A. Plaintiff Cannot Claim Relevancy to Keep Allegations in the Complaint, but Claim Irrelevancy to Avoid Producing Documents (RFPs 2, 3, 4, 6, 7)

In RFPs No. 2, 3, 4, 6, and 7, Defendants requested the factual documentation supporting the Plaintiff's numerous allegations of "fraudulently evading," "frivolous schemes," and labeling Defendants as "tax defiers."

In response to every one of these requests, the Plaintiff objected, stating verbatim: *"The request is irrelevant because the information sought has no bearing on wither* [sic] *Mr. and Mrs. Mottahedeh are liable for the unpaid federal income tax liabilities..."* Following this admission of irrelevance, Plaintiff refused to produce the requested IRS documents and merely produced a copy of a 2014 Tax Court Memorandum.

This objection is legally invalid and directly contradicts the Magistrate Judge's March 17, 2026, Order in this case (Doc. 25). When Defendants previously moved to strike these exact paragraphs as irrelevant and Plaintiff objected to Defendants' motion, the Magistrate Judge denied the motion, ruling that the allegations *are* relevant to the "evaluation of additional, unassessed penalties" (Doc. 25, p. 6). Because the Court has already ruled this subject matter is legally relevant to the claims in this lawsuit, Plaintiff cannot now claim the information is irrelevant to avoid its discovery obligations. Plaintiff cannot formally object that requested information is "irrelevant" and then simultaneously keep the irrelevant claims as part of Plaintiff's Complaint.

Furthermore, a Tax Court judge's opinion is a legal conclusion; it is not the *factual basis* or the underlying documentation for the numerous severe allegations in the Complaint. If the Plaintiff intends to rely on these allegations to prosecute this case and seek penalties, Defendants are entitled to the actual factual basis and documentation that generated those claims, not just a prior court's summary opinion.

**B. Plaintiff Failed to Raise a Valid Objection to RFP No. 5 and Must Produce Responsive Documents**

In RFP No. 5, Defendants requested documents supporting Plaintiff's specific factual allegation in Paragraph 13 of the Complaint that the Freedom Law School's website "falsely claims that 'no law requires 99% of Americans to file and pay income tax.'"

Notably, unlike its responses to Defendants' other requests, the Plaintiff did not object to RFP No. 5 on the grounds of "irrelevance." Therefore,

Plaintiff concedes that this topic is relevant to the Court's evaluation of the claims.

Plaintiff objected by citing 26 U.S.C. § 1 and two circuit-court cases (*Swanson* and *Lonsdale*), asserting that arguments claiming "wages are not taxable income" or that "there is no law requiring Americans to file" are frivolous. Plaintiff claims she satisfied her discovery obligation by making these citations.

Plaintiff's objection is evasive, unresponsive, and attacks a "strawman" argument. The Freedom Law School website does *not* claim "there is no law" at all, nor does it make the generalized claim that "wages are not income." On its face, the website explicitly acknowledges that a law exists (26 U.S.C. § 1), but asserts a highly specific, nuanced legal and factual position that the law only applies to approximately 1% of Americans. The website fully discusses this issue, analyzing what 26 U.S.C. § 1 says, explaining exactly why it only applies to 1% of Americans, and citing U.S. Supreme Court case law to support that specific claim.

Furthermore, the circuit court cases Plaintiff cites (*Swanson* and *Lonsdale*) address generalized tax-protester arguments that are entirely distinct from Defendants' specific 99% calculation. Plaintiff cannot rely on rulings regarding completely different arguments to evade its obligation to produce documents in this case.

Because Plaintiff injected the word "falsely" into its Complaint, Plaintiff bears the burden of producing the factual basis for that allegation. Furthermore, Defendants are making voluntary disclosures to the Plaintiff of their formal "Income Tax Petitions" (submitted to Congress) which detail the legal basis for the 99% claim. Because Plaintiff considers this issue

relevant, Plaintiff must be compelled to produce the internal agency documents, administrative determinations, or factual records the IRS or DOJ actually relied upon to conclude that Defendants' specific 99% calculation and the associated Petitions are factually and legally "false." Plaintiff cannot simply label Defendants' specific claims as "false" in a Complaint without producing the responsive documentation to prove it.

### C. Alternative Relief: Compel an Amended Complaint

The Plaintiff has placed the Court in an untenable position. The Plaintiff included numerous scandalous and prejudicial allegations in its Complaint and successfully fought to keep them in the case. Now, when asked to produce the factual evidence supporting those allegations, the Plaintiff formally admits the information "has no bearing."

Plaintiff cannot have it both ways. Either the accusations of fraud and tax defiance are relevant—and the underlying IRS documents must be compelled—or they are irrelevant, as Plaintiff now admits. If indeed "the information sought has no bearing," alternatively, Defendants ask the Court to compel an amended Complaint, removing the information that has no bearing. This will entirely relieve the need to compel the documents.

## III. LEGAL MEMORANDUM SUPPORTING THE REQUEST

Under Rule 37(a), a party may move to compel discovery if the opposing party fails to produce requested documents. An evasive or incomplete disclosure is treated as a failure to disclose. Fed. R. Civ. P. 37(a)(4). Plaintiff's reliance on a 2014 judicial memorandum is an evasive response to a request for underlying factual records. Because the Court has already ruled that the subject matter of RFPs 2, 3, 4, 6, and 7 is relevant to the unassessed penalties, Plaintiff's relevancy objections are invalid as a matter

of law. Furthermore, Plaintiff's formal admission in discovery that its own pleaded allegations are "irrelevant" justifies the alternative relief of an Amended Complaint under the Court's inherent power to manage its docket and pleadings, and to prevent contradictory litigation tactics.

## IV. CONCLUSION

Defendants respectfully request the Court grant this Motion to Compel the requested documents, or alternatively, order the Plaintiff to amend its Complaint to remove the allegations it now admits are irrelevant.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that on October 6, 2026, I conferred with Plaintiff's counsel, Amanda J. Cornwell, via telephone voicemail, in a good faith effort to resolve the issues raised in this motion. Counsel for the Plaintiff replied by email that the United States objects to the relief requested.

Dated: October 7, 2026

*Respectfully submitted,*

**Peymon Mottahedeh**
Defendant
P.O. Box 10599
Brooksville, FL 34603
peymon@freedomlawschool.org
760-964-5519

**April Mottahedeh**
Co-defendant
P.O. Box 10599
Brooksville, FL 34603
peymon@freedomlawschool.org
760-964-5519