IN THE UNITED STATES DISTRIC COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 8:25-cv-1728 -JLB-NHA

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH (a/k/a/
APRIL L. BEATTY),

Defendants.
_______________________________________/

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

The United States responded in full to the Mottahedehs' discovery responses. The Mottahedehs seek the United States' support for the allegations in the Complaint. Because the United States relied on the facts determined by the Tax Court case, the factual support for the allegations is the findings of fact in the Tax Court memorandum. This is because the United States filed this case seeking a judgment for the same tax years that were litigated in the Tax Court case, *i.e.*, 2001 through 2006. The United States responses cited with specificity the factual findings from the Tax Court and produced the publicly available Tax Court memorandum.

The Mottahedehs filed this motion because they want to relitigate these underlying facts. But those facts have been judicially determined, and relitigating those facts is barred by res judicata.

Accordingly, the Court should deny the Mottahedeh's motion (Doc. 61) as the United States has responded to their document requests in full and produced the documentation supporting its allegations in the Complaint.

## ARGUMENT

### I. The United States fully responded to Request Nos. 2, 3, 4, 6 and 7.

The United States filed this case seeking a judgment for the Mottahedeh's unpaid federal income taxes for 2001 through 2006. Doc. 1. These federal income taxes were adjudicated in the Tax Court and affirmed by the Ninth Circuit. *Peymon Mottahedeh and April Mottahedeh v. Comm'r*, Case No. 22039-11 (December 29, 2014); *April Mottahedeh v. Comm'r*, Case No. 19-714102023, WL 3020505 (9th Cir. April 20, 2023); *Peymon Mottahedeh v. Comm'r*, Case No. 19-71432, 2023 WL 3020500 (9th Cir. April 20, 2023). The United States used the factual determinations made by the Tax Court to support its allegations in the Complaint. *Compare* Doc. 1 *with* Doc. 64-01. As such, the United States fully responded to the Mottahdehs' requests with specific citations to the Tax Court memorandum and the production of that memorandum. Not satisfied with this response, the Mottahedehs seek

additional documents. As detailed below, the United States has responded, in full, and produced the document it relied upon for the enumerated allegations.

Defendants' Request No. 2 states: "**Paragraph 6 of the Complaint, States:** *"Mr. Mottahedeh* ***is a tax defier*** *and the founder of the so-called Freedom Law School,* ***which teaches frivolous tax avoidance schemes****."* **Specific Request for Production:** Produce documents or documentation that show the factual basis for both of Plaintiff's allegations in Paragraph 6 of the Complaint." Ex. 1 at 7-8 (Defendant's Request for Production of Documents[1]) (emphasis in original). In response that United States objected based on relevancy, further stating: "Notwithstanding the foregoing objection, this was a judicial determination made by the Tax Court... In this memorandum, the Court found that through the Freedom Law School, the Mottahedehs taught tax-evasion techniques, which were subsequently applied to their own financial affairs." Ex. 2 at 2 (United States' Response to Defendants' Requests for Production of Documents[2]). Even though the United

---

[1] Defendants failed to attach their request to their motion to compel. As such a complete copy of the requests is attached as Exhibit 1.

[2] Defendants also failed to attach the United States' responses to their motion. A complete copy of the responses is attached as Exhibit 2.

States objected to the request, it still provided the basis for the allegation in the Complaint as well as produced a copy of the Tax Court Memorandum.

Similarly, Defendants' Request No. 3 states: "**Paragraph 8 of the Complaint, States:** *"The Defendants are Tax defiers…."* **Specific Request for Production:** Produce the documents or documentation that support the factual basis of paragraph 8 of the Complaint by the Plaintiff." Ex. 1 at 3 (emphasis in original). In response that United States objected based on relevancy, but again stating that this was a judicial determination made by the Tax Court. Ex. 2 at 2-3. The United States also stated, "In this memorandum, the Court found that through the Freedom Law School, the Mottahedehs taught tax-evasion techniques, which were subsequently applied to their own financial affairs. *Id.* at 7. Accordingly, those who seek to shirk their federal income tax payment responsibilities are categorically tax defiers." Again, even though the United States objected to the request, it still provided the basis for the allegation in the Complaint along with producing a copy of the Tax Court Memorandum.

Along the same lines, Defendants' Request No. 4 states: "**Paragraph 11, Part One of the Complaint, States:** *'Since 1999, the Defendants have* ***both*** *been heavily involved in the so-called Freedom Law School, which teaches frivolous tax avoidance schemes.'* **Specific Request for Production:**

Produce all documentation from the Internal Revenue Service (IRS) personnel between January 1, 1999, and December 31, 2001, that supports the factual basis in paragraph 11 for Plaintiff's Complaint, that '**both**' Defendants Peymon Mottahedeh and April Mottahedeh have been "heavily involved in the so-called Freedom Law School." Ex. 1 at 8-9 (emphasis in original). The United States responded to the request again objecting based on relevancy and overbroad is it seeks "all documents". Ex. 2 at 3. Further, the United States responded that this was a judicial determination, quoting the Tax Court memorandum: "Peymon Mottahedeh operated a business called the 'Freedom Law School'. April Mottahedeh was heavily involved in the business." *Id.* Although the United States objected, it fully responded providing the factual basis, *i.e.* a judicial factual determination, which was the basis for the complaint, and again produced the Tax Court memorandum.

Defendants' Request No. 6 states: "**Paragraph 14 of the Complaint, States:** *'Through conferences, promotional materials, and service packages, the Freedom Law School promoted* ***various techniques for fraudulently evading the payment of federal income taxes. The techniques include minimizing financial records, not cooperating with IRS requests for information. And not filing tax returns.'*** **Specific Request for Production:** Produce all documents that Support the facts alleged in

Paragraph 14 of the Complaint by the Plaintiff." Ex. 1 at 8-9 (emphasis in original). The United States objected to this request as overbroad and irrelevant, again because the request sought "all documents". Ex. 2 at 4. Notwithstanding the objections, the United States cited the Tax Court's findings that supported the paragraph 14 of the Complaint. *Id.*

Last, Defendants' Request No. 7 states: "**Paragraph 16 of the Complaint, States:** *'The Defendants applied the tax-evasion techniques advocated by the Freedom Law School to their own financial affairs.'* **Specific Request for Production:** Documentation that supports the factual basis in paragraph 16 for Plaintiff's Complaint by the Plaintiff." Ex. 1 at 10 (emphasis in original). In response, the United States objected based on relevancy, but in the similar fashion as the other requests, responded that this was a judicial factual determination made by the Tax Court. Ex. 2 at 4-5. The United States went on to quote the specific language in the memorandum supporting paragraph 16 of the Complaint: "The Mottahedehs applied the tax-evasion techniques advocated by the Freedom Law School to their own financial affairs (including the operation of the Freedom Law School and Peymon Mottahedeh's representation of taxpayers before the California Franchise Tax Board)." *Id.* at 5.

The United States relied on the Tax Court's findings to support its complaint. And therefore, it is appropriate to reference that ruling in the response and produce the memorandum.

However, the Mottahedehs are not satisfied with the responses. But Defendants fail to provide any cases to support that the United States' production was deficient or to show that a judicial determination is insufficient. Instead, the Mottahedehs state that "a Tax Court judge's opinion is a legal conclusion, it is not the *factual basis* or the underlying documentation" for an allegation. Doc. 61 at 3 (emphasis in original). This is incorrect. A Tax Court judge is a finder of fact, and the Tax Court memorandum sets out the factual findings. And the United States has relief—and can rely—upon those facts to support the allegations in this case. Those facts, while not relevant to the amount of Defendants' liabilities, provide valuable context for the parties' dispute, frame the issues, and deter other taxpayers from falling victim to the Mottahedeh's schemes. The Defendants cannot use discovery in this case to get a second bite at the apple and relitigate these findings. *See generally* Doc. 63.

## II. Any request seeking support for the statement that Americans are not required to pay income tax is facially frivolous.

The Mottahedehs take issue with another one of the United States' responses, but this one is categorically different. The Mottahdehs seek documents to show that that "American's must file and pay income taxes." The United States appropriately objected to this request as facially frivolous and did not produce any documents.

The Mottahdehs' Request No. 5 states: "**Paragraph 13 of the Complaint, States:** *'The Freedom Law School's website* ***falsely claims*** *that "no law requires 99% of Americans to file and pay income tax. Cf. 26 U.S.C §* 1."' **Specific Request for Production:** Produce the documentation as defined above that proves or reflects that 99% of Americans must file and pay income tax to support the allegation that Freedom Law School's Website '**falsely claims,** that no law requires 99% of Americans to file and pay income tax. Cf. 26 U.S.C § 1,' as alleged in Paragraph 13 of the Complaint by the Plaintiff." Ex. 1 at 9-10. Because this request essentially seeks the United States to respond with documents to show that Americans must file and pay income taxes, it objected. The objection was as follows:

> The United States objects to Request No. 5 because the assertion that there is no law requiring Americans to file and pay income tax is patently frivolous. *Swanson v. United States*, 799 F. App'x 668, 670 (11th Cir.), *cert. denied*, 140 S. Ct. 1270, 206 L. Ed. 2d

> 257 (2020) (internal citations omitted) (Arguments "that wages are not taxable income . . . have been rejected by courts at all levels of the judiciary and are patently frivolous."); s*ee also Lonsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir. 1981) (calling frivolous arguments that wages are not income as "meritless," "stale," and "long settled" nearly 40 years ago).
>
> The United States is not producing any documents in response to this request.

Ex. 2 at 3-4.

The Mottahedehs cannot use discovery requests to support their tax defiance. To support their motion here, the Mottahedehs argue that there is a "nuanced legal and factual position that the law (requiring Americans to file and pay income taxes) only applies to approximately 1% of Americans." Despite the Mottahedehs attempt to differentiate their argument from other tax defier arguments, their argument is still without merit. And even if it had some merit, the Tax Court and Ninth Circuit already rejected the application of that "nuanced" argument to the Mottahedehs' income when the courts found them liable for the taxes at issue. Discovery on this frivolous topic is outside scope of discovery, and the United States' objection to this request for production should be sustained.

## CONCLUSION

The United States has responded in full to the Mottahedehs' discovery requests and as such, their motion to compel is without merit.

The United States brought this case seeking a judgment for the Mottahedehs' unpaid federal income tax liabilities for 2001 through 2006. As detailed in the United States Motion for Summary Judgment (Doc. 64), these liabilities were fully adjudicated by the Tax Court, and affirmed the Ninth Circuit. Accordingly, the United States relied on the Tax Court's factual findings for this case. The United States' responded in full to Requests Nos. 2, 3, 4, 6 and 7 when it produced the Tax Court memorandum and identified with specificity the facts supporting the allegations in the Complaint.

The United States also properly objected to Request No. 5 wherein the Motthedehs' seek support for their frivolous argument that 99% of Americans are not required to file and pay income taxes. Such a request not only improperly seeks legal research, but is so patently frivolous to be outside the bounds of permissible discovery.

The Mottahedehs' motion to compel should be denied.

Dated: October 22, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Amanda J. Cornwell*
AMANDA CORNWELL
Lead Counsel
MD Bar Member
Trial Attorney
Civil Division, Tax Litigation
Branch
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514–8048
Facsimile: (202) 514–9868
Amanda.Cornwell@usdoj.gov

*Of Counsel:*
Gregory W. Kehoe
United States Attorney
Middle District of Florida

**CERTIFICATE OF COMPLIANCE**

I certify that this motion was typed in 13-point Century Schoolbook font in compliance with this Court's local rules.

*/s/ Amanda J. Cornwelll*
AMANDA J. CORNWELLL
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I certify that I sent the above document to the Defendants by mail and email on October 22, 2026 to the following:

Peymon Mottahedeh
PO Box 10599
Brooksville, FL 34603
Peymon@FreedomLawSchool.org

April Mottahedeh
PO Box 10599
Brooksville, FL 34603
Peymon@FreedomLawSchool.org

*/s/ Amanda J. Cornwelll*
AMANDA J. CORNWELLL
Trial Attorney
U.S. Department of Justice