THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v. Case No. 8:25-cv-1728-JLB-NHA

PEYMON MOTTAHEDEH and
APRIL MOTTAHEDEH (a/k/a/ APRIL L.
BEATTY),
Defendants.
______________________________________/

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF UNITED STATES OF AMERICA**

To: Daniel B. Causey, US Attorney,

Pursuant of Rule 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida, Defendants Peymon and April Mottahedeh, proceeding *pro se*, hereby request, that Plaintiff, the United States of America, produce and permit Defendant to inspect and copy the documents, electronically stored information, and tangible things designated below that are in Plaintiff's possession, custody, or control within (30) days of this request. Please be as complete as possible with each and every Production Request.

## I. DEFINITIONS

1. **"Documents" or "Documentation"**
   a. **Scope:** Broadest possible legal sense that are included in the term Documents or Documentation.
   b. **Including Formats:** Writings, emails, electronic correspondence, electronic matter, handwritten or typed reports, memorandum, notes, diaries, transcripts, matching program records, printouts, internal IRS activity logs, administrative logs, audio/visual recordings, and memoranda which includes.
   c. **Attributes:** Encompasses paper or electronic forms, originals, or copies, regardless of storage location or maintenance method.
2. **"You," "Your," and "Plaintiff"**
   a. **Entity:** The United States of America.
   b. **Included Sub-Entities & Agents:** The Internal Revenue Service (IRS), the Department of Justice (DOJ), the Department of the Treasury, and associated agencies, departments, bureaus, divisions, officers, directors, employees, revenue officers, attorneys, contractors,

representatives, investigators, corroborators, informants, or other Persons acting or purporting to act on their behalf.

3. **"Defendants"**
   - **a. Entities:** Peymon Mottahedeh and April L. Mottahedeh (a/k/a April L. Beatty), individually and jointly.
   - **b. Agents:** Authorized representatives acting on behalf.
4. **"Complaint"**
   - **a. Reference:** The Complaint filed by the Plaintiff in this action on July 3, 2025 (Dkt.1).
5. **"Relating"**
   - **a. Scope:** Concerning, referring to, reflecting, evidencing, constituting, describing, discussing, summarizing, analyzing, embodying, substantiating, being connected with, or otherwise logically or factually pertaining to the stated subject matter.
6. **"“Person(s)," “All Person(s)”"**
   - **a. Scope:** Any natural person or legally recognized entity, including any corporation, partnership, proprietorship, joint venture, association, organization, governmental agency, Federal Agencies, board, commission, informant, undercover agent, cooperating witness, third party, or other person or

entity relied upon in the investigation of Defendants, Peymon Mottahedeh and April Mottahedeh.

7. **"Communication"**
   - **a. Scope:** Transmittal, exchange, or transfer of information, data, ideas, opinions, or thoughts by any person, medium or means at each time or place, under specific circumstances, including but not limited to, written, oral, telephonic, electronic, or visual transfers.
   - **b.** Any Communications between any of the entities above about the Defendants, Peymon Mottahedeh and / or April Mottahedeh, in any form.

8. **“ESI” or “Electronically Stored Information”** has the broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a)(1)(A) and encompasses data or information created, stored, or utilized in digital format, including but not limited to emails, databases, computer files, text messages, notes, transmittals, internal system logs, spreadsheets, memorandums, reports, word processing documents, and associated metadata.

## II. INSTRUCTIONS

1. **Scope of Discovery (Fed. Civ. P. 26(b)(1)):** These requests are intended to encompass information relevant to the claims and defenses in this action, specifically, Plaintiffs' claims arising under 26 U.S.C. §§ 7401 and 7403 for alleged federal income tax liabilities for tax years 2001 through 2006, and the specific factual allegations pleaded in the Complaint by Plaintiff.
2. **Initial Disclosures (Fed. Civ. P. 26(a)(1)):** To the extent Plaintiff has not already produced Documents required to be disclosed under Rule 26(a)(1) that Plaintiff may use to support claims, those Documents are to be produced in response to these Requests, regardless of whether they have been specifically requested. Production of Documents in response to these requests does not relieve Plaintiff of its affirmative obligation to produce and/or identity documents, information, and computations under mandatory initial disclosures.
3. **Duty to Supplement (Fed. Civ. P. 26(e)):** These requests are continuing in nature. Plaintiff is under an affirmative duty to seasonably supplement or correct responses and productions in a timely manner.

4. **Privilege or Work Product Protection (Fed. R. Civ. P. 26(b)(5)):** If you withhold a document or electronically stored information (ESI) from production on the basis of attorney-client privilege, statutory protection, or another applicable privilege or protection, you need to expressly assert the claim and produce a privilege log. The privilege log will describe the nature of the withheld items with sufficient detail to allow the defendants to assess the claim.

5. **Production of ESI and Metadata (Fed. R. Civ. P. 34): Including Subparagraphs Listed:**

   A. *Format:* Each ESI must be produced in native format or reasonably in a usable form (e.g., single page TIFF or searchable PDF images with load files), Including audio/visual recordings, spreadsheets, and structural IRS extracts (e.g., IDRS printouts), computerized data must be produced in native format.

   B. *Metadata:* Emails and electronic documents must be produced with accompanying application, structural, and system Metadata intact.

   C. *Preservation:* Plaintiff is instructed to take all reasonable and necessary steps to preserve all ESI and associated metadata relevant to the allegations in the Complaint and responsive to

these Requests, including immediately suspending any standard IRS records retention/ destruction schedules that may result in spoliation.

D) If a document or record is responsive to more than one of the below requests, then the producing party must include copies of the same document for every applicable numbered request.

E) Please produce a physical cover /separator page before each batch of documents clearly stating that the following pages are responsive to the numbered request.

**REQUEST NO. 1:**

**Paragraph 11 of the Complaint, States:**

*"Pursuant to 26 U.S.C. §§ 7401 and 7403 the chief counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, authorized and requested this action. This action is being brought at the direction of a delegate of the United States Attorney General under the authority of 26 U.S.C § 7401."*

**Specific Request for Production:**

Produce the statutory approval letters and documentation as defined above that support paragraph 2 of the Complaint quoted above.

**REQUEST NO. 2:**

**Paragraph 6 of the Complaint, States:**

*"Mr. Mottahedeh* ***is a tax defier*** *and the founder of the so-called Freedom Law School,* ***which teaches frivolous tax avoidance schemes****."*

**Specific Request for Production:**

Produce documents or documentation that show the factual basis for both of Plaintiff's allegations in Paragraph 6 of the Complaint.

**REQUEST NO. 3:**

**Paragraph 8 of the Complaint, States:**

*"The Defendants are Tax defiers…."*

**Specific Request for Production:**

Produce the documents or documentation that support the factual basis of paragraph 8 of the Complaint by the Plaintiff.

**REQUEST NO. 4:**

**Paragraph 11, Part One of the Complaint, States:**

*" Since 1999, the Defendants have* ***both*** *been heavily involved in the so-called Freedom Law School, which teaches frivolous tax avoidance schemes."*

**Specific Request for Production:**

Produce all documentation from the Internal Revenue Service (IRS) personnel between January 1, 1999, and December 31, 2001, that supports the factual basis in paragraph 11 for Plaintiff's Complaint, that "**both**"

Defendants Peymon Mottahedeh and April Mottahedeh have been "heavily involved in the so-called Freedom Law School."

**Paragraph 11, Part Two of the Complaint, States:**

*" Since 1999, the Defendants have both been heavily involved in the **so-called** Freedom Law School, which teaches frivolous tax avoidance schemes."*

**Specific Request for Production:**

Memoranda as defined above sent to or from Internal Revenue Service (IRS) personnel between January 1, 1999, and December 31, 2001, that reflect or explain the factual basis for Plaintiff's use of the modifier **"so-called"** in describing the "Freedom Law School" in Paragraph 11 of the Complaint.

**REQUEST NO. 5:**

**Paragraph 13 of the Complaint, States:**

*"The Freedom Law School's website **falsely claims** that 'no law requires 99% of Americans to file and pay income tax. Cf. 26 U.S.C* § 1.'"

**Specific Request for Production:**

Produce the documentation as defined above that proves or reflects that 99% of Americans must file and pay income tax to support the allegation that Freedom Law School's Website "**falsely claims,** that no law

requires 99% of Americans to file and pay income tax. Cf. 26 U.S.C § 1," as alleged in Paragraph 13 of the Complaint by the Plaintiff.

**REQUEST NO. 6:**

**Paragraph 14 of the Complaint, States:**

*"Through conferences, promotional materials, and service packages, the Freedom Law School promoted* ***various techniques for fraudulently evading the payment of federal income taxes****.* ***The techniques include minimizing financial records, not cooperating with IRS requests for information. And not filing tax returns."***

**Specific Request for Production:**

Produce all documents that Support the facts alleged in Paragraph 14 of the Complaint by the Plaintiff.

**REQUEST NO. 7:**

**Paragraph 16 of the Complaint, States:**

*"The Defendants applied the tax-evasion techniques advocated by the Freedom Law School to their own financial affairs."*

**Specific Request for Production:**

Documentation that supports the factual basis in paragraph 16 for Plaintiff's Complaint by the Plaintiff.

**REQUEST NO. 8:**

Produce the memorandums or other documents as defined above, sent from the Internal Revenue Service or Department of Justice personnel

that reflect meetings or communications with all Persons as defined above, including statements that provide the exact dates, start and end times, locations, and identities of all persons present at such meetings to discuss the possibility of filing this Complaint.

Date: August 31, 2026

**April Mottahedeh**, *Pro Se*
P.O. Box 10599
Brooksville, Florida 34603
Peymon@FreedomLawSchool.org
(760) 964-5519

**Peymon Mottahedeh**, *Pro Se*
P.O. Box 10599
Brooksville, Florida 34603
Peymon@FreedomLawSchool.org
(760) 964-5519