IN THE UNITED STATES DISTRIC COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 8:25-cv-1728 -JLB-NHA

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH (a/k/a/ APRIL L. BEATTY),

Defendants.
_______________________________________/

**UNITED STATES' RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

1. **Paragraph 11 [sic] of the Complaint, States:** *"Pursuant to 26 U.S.C. §§ 7401 and 7403 the chief counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, authorized and requested this action. This action is being brought at the direction of a delegate of the United States Attorney General under the authority of 26 U.S.C § 7401."* **Specific Request for Production:** Produce the statutory approval letters and documentation as defined above that support paragraph 2 of the Complaint quoted above.

**RESPONSE:** The United States object to Request No. 1 and it seeks privileged information. On its face, the request seeks communications and documents between a client (IRS) and its attorney (Department of Justice) and is protected from production under the attorney-client privilege. *United States v. Mesadieu*, 166 F. Supp. 3d 1275, 1279 (M.D. Fla. 2015) (finding that document request for the letter containing the authorization letter from the IRS as privileged). *See also Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland,* 131 F.R.D. 596, 599 (M.D. Fla. 1990) citing *In re Grand Jury Subpoena,* 788 F.2d 1511, 1512 (11th Cir.1986) ("The attorney-client privilege protects confidential communications between a client and his attorney where the communications concern legal advice or tend to disclose information given to the attorney by the client"). Therefore, the documents, *i.e.* letter, containing statutory approval are protected by the attorney-client privilege and will not be produced.

The United States is not producing any documents in response to this request.

2. **Paragraph 6 of the Complaint, States:** *"Mr. Mottahedeh* ***is a tax defier*** *and the founder of the so-called Freedom Law School,* ***which teaches frivolous tax avoidance schemes****."* **Specific Request for Production:** Produce documents or documentation that show the factual basis for both of Plaintiff's allegations in Paragraph 6 of the Complaint.

**RESPONSE:** The United States objects to Request No. 2 as irrelevant. The request is irrelevant because the information sought has no bearing on wither Mr. and Mrs. Mottahedeh are liable for the unpaid federal income tax liabilities for the 2001 through 2006.

Notwithstanding the foregoing objection, this was a judicial determination made by the Tax Court. In the Tax Court case *Peymon Mottahedeh and April Mottahedeh v. Commissioner*, the Tax Court entered a Memorandum of Findings of Fact and Opinion. T.C. Memo. 2014-258. [1] In this memorandum, the Court found that through the Freedom Law School, the Mottahedehs taught tax-evasion techniques, which were subsequently applied to their own financial affairs. *Id.* at 7.

The United States is producing a copy of this Tax Court memorandum in response to this request.

3. **Paragraph 8 of the Complaint, States:** *"The Defendants are Tax defiers…."* **Specific Request for Production:** Produce the documents or documentation that support the factual basis of paragraph 8 of the Complaint by the Plaintiff.

**RESPONSE:** The United States objects to Request No. 3 as overbroad and irrelevant. The request is irrelevant because the information sought has no bearing on wither Mr. and Mrs. Mottahedeh are liable for the unpaid federal income tax liabilities for the 2001 through 2006.

Notwithstanding the foregoing objections, this was a judicial determination made by the Tax Court. In the Tax Court case *Peymon Mottahedeh and April Mottahedeh v. Commissioner*, the Tax Court entered a Memorandum of Findings of Fact and Opinion. T.C. Memo. 2014-258. In this memorandum, the Court found that through the Freedom Law School, the Mottahedehs taught tax-evasion techniques, which were subsequently applied to their own financial affairs. *Id.* at 7. Accordingly, those

[1] The Ninth Circuit Court of appeals upheld the Tax Court's determination. *Peymon Mottahedeh v. Commissioner,* No. 19-71432, 2023 WL 3020500 (9th Cir. Apr. 20, 2023).

who seek to shirk their federal income tax payment responsibilities are categorically tax defiers.

The United States is producing a copy of this Tax Court memorandum in response to this request.

4. **Paragraph 11, Part One of the Complaint, States:** *" Since 1999, the Defendants have **both** been heavily involved in the so-called Freedom Law School, which teaches frivolous tax avoidance schemes."* **Specific Request for Production:** Produce all documentation from the Internal Revenue Service (IRS) personnel between January 1, 1999, and December 31, 2001, that supports the factual basis in paragraph 11 for Plaintiff's Complaint, that "**both**" Defendants Peymon Mottahedeh and April Mottahedeh have been "heavily involved in the so-called Freedom Law School."

**RESPONSE:** The United States objects to Request No. 4 as overly broad and irrelevant. This request seeks "all documents," which is facially overbroad. *Location 24, LLC v. Drs. Same Day Surgery Ctr., Inc.*, No. 8:22-CV-150-VMC-MRM, 2023 WL 6049818, at *2 (M.D. Fla. Jan. 27, 2023). Further, this request is irrelevant because the information sought has no bearing on whether Mr. and Mrs. Mottahedeh are liable for the unpaid federal income tax liabilities for the 2001 through 2006.

Notwithstanding the foregoing objections, this was a judicial determination made by the Tax Court. In the Tax Court case *Peymon Mottahedeh and April Mottahedeh v. Commissioner*, the Tax Court entered a Memorandum of Findings of Fact and Opinion. T.C. Memo. 2014-258. In this memorandum, the Court stated: "Peymon Mottahedeh operated a business called the 'Freedom Law School'. April Mottahedeh was heavily involved in the business." *Id.* at 5.

The United States is producing a copy of this Tax Court memorandum in response to this request.

5. **Paragraph 13 of the Complaint, States:** *"The Freedom Law School's website **falsely claims** that 'no law requires 99% of Americans to file and pay income tax. Cf. 26 U.S.C* § 1.'" **Specific Request for Production:** Produce the documentation as defined above that proves or reflects that 99% of Americans must file and pay income tax to support the allegation that Freedom Law School's Website "**falsely claims,** that no law requires 99% of Americans to file and pay income tax. Cf. 26 U.S.C § 1,**"** as alleged in Paragraph 13 of the Complaint by the Plaintiff.

**RESPONSE:** The United States objects to Request No. 5 because the assertion that there is no law requiring Americans to file and pay income tax is patently frivolous. *Swanson v. United States*, 799 F. App'x 668, 670 (11th Cir.), *cert. denied*, 140 S. Ct. 1270, 206 L. Ed. 2d 257 (2020) (internal citations omitted) (Arguments "that wages

are not taxable income . . . have been rejected by courts at all levels of the judiciary and are patently frivolous."); *see also Lonsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir. 1981) (calling frivolous arguments that wages are not income as "meritless," "stale," and "long settled" nearly 40 years ago).

The United States is not producing any documents in response to this request.

6. **Paragraph 14 of the Complaint, States:** *"Through conferences, promotional materials, and service packages, the Freedom Law School promoted* ***various techniques for fraudulently evading the payment of federal income taxes****.* ***The techniques include minimizing financial records, not cooperating with IRS requests for information. And not filing tax returns."*** **Specific Request for Production:** Produce all documents that Support the facts alleged in Paragraph 14 of the Complaint by the Plaintiff.

**RESPONSE:** The United States objections to Request No. 6 as overbroad and irrelevant. This request seeks "all documents," which is facially overbroad. *Location 24, LLC v. Drs. Same Day Surgery Ctr., Inc.*, No. 8:22-CV-150-VMC-MRM, 2023 WL 6049818, at *2 (M.D. Fla. Jan. 27, 2023). The request is irrelevant because the information sought has no bearing on wither Mr. and Mrs. Mottahedeh are liable for the unpaid federal income tax liabilities for the 2001 through 2006.

Notwithstanding the foregoing objections, this was a judicial determination made by the Tax Court. In the Tax Court case *Peymon Mottahedeh and April Mottahedeh v. Commissioner*, the Tax Court entered a Memorandum of Findings of Fact and Opinion. T.C. Memo. 2014-258. In this memorandum, the Court stated:

> Through conferences, promotional materials, and service packages, the Freedom Law School promoted various techniques for fraudulently evading the payment of federal income taxes. The techniques included:
>
> - Minimize financial records.
> - Do not give information to the IRS
> - Do not file tax returns.

*Id.* at 6-7.

The United States is producing a copy of this Tax Court memorandum in response to this request.

7. **Paragraph 16 of the Complaint, States:** *"The Defendants applied the tax-evasion techniques advocated by the Freedom Law School to their own financial affairs."* **Specific Request for Production:** Documentation that supports the factual basis in paragraph 16 for Plaintiff's Complaint by the Plaintiff.

**RESPONSE:** The United States objections to Request No. 7 as is irrelevant because the information sought has no bearing on wither Mr. and Mrs. Mottahedeh are liable for the unpaid federal income tax liabilities for the 2001 through 2006.

Notwithstanding the foregoing objections, this was a judicial determination made by the Tax Court. In the Tax Court case *Peymon Mottahedeh and April Mottahedeh v. Commissioner*, the Tax Court entered a Memorandum of Findings of Fact and Opinion. T.C. Memo. 2014-258. In this memorandum, the Court stated: "The Mottahedehs applied the tax-evasion techniques advocated by the Freedom Law School to their own financial affairs (including the operation of the Freedom Law School and Peymon Mottahedeh's representation of taxpayers before the California Franchise Tax Board)." *Id.* at 7.

The United States is producing a copy of this Tax Court memorandum in response to this request.

8. Produce the memorandums or other documents as defined above, sent from the Internal Revenue Service or Department of Justice personnel that reflect meetings or communications with all Persons as defined above, including statements that provide the exact dates, start and end times, locations, and identities of all persons present at such meetings to discuss the possibility of filing this Complaint.

**RESPONSE:** The United States object to Request No. 9 and it seeks privileged information. On its face, the request seeks communications and documents between a client, the IRS, and their attorney, Department of Justice. *United States v. Mesadieu*, 166 F. Supp. 3d 1275, 1279 (M.D. Fla. 2015) (finding an attorney/client relationship between the IRS and DOJ); *Fed. Deposit Ins. Corp. v. Cherry, Bekaert & Holland,* 131 F.R.D. 596, 599 (M.D. Fla. 1990) citing *In re Grand Jury Subpoena,* 788 F.2d 1511, 1512 (11th Cir.1986) ("The attorney-client privilege protects confidential communications between a client and his attorney where the communications concern legal advice or tend to disclose information given to the attorney by the client"). As such, any such documents and communications are protected by the attorney-client privilege and will not be produced.

Further, the United States objects to Request No. 9 to the extent it seeks attorney work product. *See Hickman v. Taylor*, 329 U.S. 495 (1947). The request seeks documents and communications from any meetings to discuss this complaint, the extent that the request seeks to compel production of any documents prepared in anticipation of litigation, those documents are protected by the attorney work product privilege and will not be produced.

The United States is not producing any documents in response to this request.

Dated: September 30, 2026

Respectfully submitted,

*/s/ Amanda J. Cornwell*
AMANDA CORNWELL
Lead Counsel
MD Bar Member
Trial Attorney
Civil Division, Tax Litigation Branch
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514–8048
Facsimile: (202) 514–9868
Amanda.Cornwell@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that I sent the above document to the Defendants by mail and email on October 21, 2026 to the following:

Peymon Mottahedeh
PO Box 10599
Brooksville, FL 34603
Peymon@FreedomLawSchool.org

April Mottahedeh
PO Box 10599
Brooksville, FL 34603
Peymon@FreedomLawSchool.org

*/s/ Amanda J. Cornwell*
AMANDA J. CORNWELL
Trial Attorney
U.S. Department of Justice