UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No.: 8:25-cv-01728-JLB-NHA

PEYMON MOTTAHEDEH and
APRIL L. MOTTAHEDEH (a/k/a
APRIL L. BEATTY),

Defendants.
_______________________________________/

**ORDER**

Defendants move to compel production of documents responsive to requests 2 through 7, in Defendants' First Request for Production of Documents. Doc. 61. Because Plaintiff has responded to Requests 2, 3, 4, 6, and 7, the motion is moot as to those requests. And Request 5 falls outside the scope of permissible discovery. I, therefore, deny the motion.

## I. Background

Plaintiff, the United States, sues Defendants April Mottahedeh and Peymon Mottahedeh, seeking to reduce to judgment the Defendants' allegedly unpaid federal tax liabilities that accrued between 2001 and 2006. Doc. 1. The

United States alleges that the IRS began auditing Defendants' tax liabilities in 2008; that it subsequently issued notices of deficiency to Defendants; that Defendants (who then lived in California) challenged the notices in a federal tax court in California; that the tax court upheld the alleged deficiencies; and that the Ninth Circuit affirmed the tax court decisions; but that Defendants have never paid any portion of the tax deficiencies. Doc. 1 ¶¶ 18-24. '

The parties are presently in the discovery period. Doc. 46. Defendants move to compel Plaintiff to produce documents responsive to certain requests in Defendants' First Request for Production of Documents, to which the United States objected as irrelevant, overbroad, and/or frivolous. Doc. 61.

First, Defendants asks the Court to compel Plaintiff to produce documents responsive to Requests 2, 3, 4, 6, and 7, in which Defendants sought "factual documentation" supporting specific allegations in the Complaint. Doc. 61 p. 2. Plaintiff objected to each request, asserting that it was irrelevant and/or overbroad. Doc. 61 p. 2; see also Doc. 66, pp. 2–7. But Plaintiff reports that, notwithstanding its objections, it "fully responded to [Defendants'] requests with specific citations to the Tax Court memorandum and the production of that memorandum," which the United States asserts is the basis for each of the allegations Doc. 66 p. 2.

Additionally, Defendants ask the Court to compel Plaintiff to produce all documents responsive to Request 5, in which Defendants sought documents to support Plaintiff's allegation in the Complaint that a website operated by Defendants "falsely claims that 'no law requires 99% of Americans to file and pay income tax.'" Doc. 61 p. 3. Plaintiff objected to the request as "patently frivolous." Doc. 66 p. 8.

## II. Relevant Law

The Court has "broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). However, Rule 26(b) also provides that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

## III. Analysis

Beginning with Requests 2, 3, 4, 6, and 7, Defendant seeks to discover the United States' support for the specific allegations in the Complaint, which falls squarely within the scope of permissible discovery. *See Montalbano v. Ariad Pharms., Inc.*, No. 15-60508-CIV, 2016 WL 11783297, at *3 (S.D. Fla. Sept. 12, 2016) ("They properly seek the evidence Plaintiff relied upon in making the allegations contained therein.). Thus, Plaintiff's relevancy and overbreadth objections are inappropriate. Nevertheless, because Plaintiff certifies that it has provided all supporting documentation for its allegations (Doc. 66 p. 2), the motion to compel is moot as to Requests 2, 3, 4, 6, and 7.

As to Request 5, it calls for proof of federal tax laws, rather than support for any fact to be proven or disputed at trial. Legal analysis and conclusions fall outside the scope of discovery. *See Perez v. Miami–Dade County,* 297 F.3d 1255, 1261, n. 12 (11th Cir. 2002) (noting district court struck a number of requests for admissions that were not timely responded to because they improperly called for legal conclusions). Rather, it is the Court that instructs the parties as to the law. Accordingly, Plaintiff's objection to this Request based on frivolity is well-founded, and I sustain the objection and deny Defendants' motion to compel as to Request 5.

## IV. Conclusion

1. Defendants' motion to compel (Doc. 61) is DENIED AS MOOT, to the extent it seeks to compel documents responsive to Requests 2, 3, 4, 6 and 7.

2. Defendants' motion to compel is DENIED to the extent it seeks to compel documents responsive to Request 5.

ORDERED on October 23, 2026.

Natalie Hirt Adams

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE